641 A.2d 1210

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ralph A. YOHE.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1994.

Filed May 17, 1994.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for the Com., appellant.

Vincent C. Murovich, Jr., Pittsburgh, for appellee.

Before ROWLEY, President Judge, and BECK and JOHNSON, JJ.

ROWLEY, President Judge:

The Commonwealth has appealed from a trial court order permitting Ralph A. Yohe (hereinafter "appellee") leave to appeal his summary speeding conviction to the trial court *nunc pro tunc.* The Commonwealth contends that the trial court abused its discretion and erred as a matter of law in granting the instant petition because appellee is not entitled to *nunc pro tunc* relief inasmuch as he has not met his burden of demonstrating that fraud or a breakdown in the judicial system was the cause of his failure to file a timely appeal. Having carefully considered this claim, we vacate the trial court's order of January 5, 1993 and remand this matter to the trial court for an evidentiary hearing.

The facts contained in the record certified to us on appeal are few. Appellee was found guilty of a speeding violation in absentia by District Justice Richard J. Terrick on September 22, 1992. No statutory appeal of this conviction was filed. Then, in December of 1992, appellee allegedly received a notice from the Department of Transportation regarding the status of his driver's operating license. It does not appear from our review of the record that appellee was represented by counsel until after he received this notice.

On January 5, 1993, Vincent Murovich appeared in open court on behalf of appellee with a petition requesting the trial

court to grant appellee leave to appeal *nunc pro tunc.* The petition was unsigned and did not contain a verification statement. At the time the petition was presented to the court by appellee's counsel, it was admitted that the petition "might not be as complete as" it should be, but appellee's counsel then went on to make statements to the court, amounting to additional averments not contained in appellee's petition, as to the alleged facts and circumstances which had precluded appellee from filing a timely appeal. On the basis of these averments alone, the trial court granted appellee leave to file an appeal *nunc pro tunc.*

At the time the petition was granted, the Commonwealth made an objection because it had not been given any opportunity to contact the magistrate's office to ascertain whether a notice of conviction had ever been sent to appellee. The Commonwealth's exception was noted on the record. On January 19, 1993, the Commonwealth filed the instant appeal [1]. Thereafter, on July 30, 1993, the trial court filed an "opinion" pursuant to Rule 1925(b) of the Pennsylvania Rules of Civil Procedure which states, in its entirety, as follows:

"[Appellant] petitions this Court for leave to file an appeal Nunc Pro Tunc following a conviction for exceeding the posted speed limit. For the reasons discussed below, we grant the petition.

[Appellee] was cited for speeding in September of 1992. The record reveals that following this, he pleaded not guilty via mail and also included the sum owed for the fine as collateral for a hearing. (H.T. 3).

However, for *reasons unknown* at this time, [appellee] did not receive timely notice of the magistrate's hearing and was found guilty in absentia. (H.T. 2).

Two *possible* explanations for the lack of notice are that either the magistrate failed to send the notice altogether, or that [appellee] did not receive the notice if it was mailed to him.

---

1. On October 15, 1993, the Commonwealth filed a brief in support of its appeal. We note that appellee did not file a responsive brief with this Court.

*Irrespective* of the true cause, we believe that reasonable doubt exists as to the sufficiency of process by the judicial authority involved.

Hence, we properly grant the petition."

(Trial Court Opinion, 7/30/93).   (emphasis added).

■ Initially, we note that the allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and "our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Commonwealth v. Nicholas,* 405 Pa.Super. 242, 246 n. 3, 592 A.2d 98, 99 n. 3 (1991), *appeal denied,* 529 Pa. 647, 602 A.2d 858 (1992).   "Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion." *Commonwealth v. Jarema,* 404 Pa.Super. 121, 125, 590 A.2d 310, 312 (1991).   In this case, the Commonwealth contends that the trial court abused its discretion and erred as a matter of law in granting appellee the right to appeal *nunc pro tunc* because appellee did not establish his entitlement thereto.   We agree.

■ Rule 86(a) of the Pennsylvania Rules of Criminal Procedure provides that an appeal from a summary conviction must be filed within thirty days from the date of the conviction.   Further, as reiterated by this Court in *Jarema, supra.,* " 'judicial extensions of time are specifically prohibited by Section 5504 of the Judicial Code, except to relieve fraud or its equivalent.' " *Id.* at 125, 590 A.2d at 312, *quoting, Commonwealth v. Liptak,* 392 Pa.Super. 468, 472, 573 A.2d 559, 561 (1990), *citing, Commonwealth v. Englert,* 311 Pa.Super. 78, 81, 457 A.2d 121, 123 (1983).

■ A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things:  (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds

relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief. *Commonwealth v. Liptak*, 392 Pa.Super. 468, 573 A.2d 559 (1990) [2].

In this case, appellee's unsigned and unverified petition averred that:

1. Petitioner was out of the county when the notice from the *Department of Transportation* was received.

2. Petitioner was required to be out of town to attend to important personal business.

3. Petitioner did not return to his residence until the appeal date had run.

(emphasis added). The Commonwealth argues, and we agree, that this document alone is insufficient to meet appellee's burden of demonstrating that extraordinary circumstances occasioned his delay in filing an appeal from his summary conviction.

■ Nevertheless, at the time that appellee's petition was orally presented to Judge Scheib of the Allegheny County Court of Common Pleas, appellee's counsel engaged in what amounted to a colloquy with the court and the assistant district attorney. On the basis of statements made by appellee's *counsel* at this colloquy, the trial court granted appellee's petition for leave to appeal *nunc pro tunc* on the theory that appellee *may not* have received notice of his conviction or of his appeal rights.

2. We note that *Liptak* has been overruled in part by our Supreme Court in *Commonwealth of Pa, Department of Transportation v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993). In *Tarnopolski*, the Supreme Court stated:

"In *Liptak*, the Superior Court interpreted Rule 86(g) to preclude a party from withdrawing a guilty plea to a summary conviction subsequent to sentencing. We do not find *Liptak* to be an accurate interpretation of Rule 86(g), and *to the extent that* it stands for the proposition that a defendant cannot withdraw a guilty plea subsequent to sentencing in a summary proceeding, it is expressly overruled."

*Tarnopolski* at 554, 626 A.2d at 141. (emphasis added). The *Tarnopolski* decision does not change the law contained in *Liptak* regarding the elements necessary for a petitioner to receive leave to appeal a summary conviction *nunc pro tunc*.

We are constrained to conclude that the trial court abused its discretion in granting the subject petition on the basis of speculation, rather than on record facts [3]. It was appellee's burden to create a record establishing his request for leave to appeal *nunc pro tunc*. At the very least, appellee was required to proffer, and the trial court was obliged to receive, some evidence *on the record*, before appellee's petition for leave to appeal *nunc pro tunc* could be granted.

Because no testimony whatsoever was taken in support of appellee's petition, and because the petition itself does not supply the facts upon which Judge Scheib relied in granting *nunc pro tunc* relief, we cannot, in our appellate posture, properly review the record and decide whether or not appellee is entitled to the requested extension of time within which to appeal. We must therefore remand this matter to the trial court for a hearing at which both sides will be given an opportunity to present evidence on the record reflecting on the question of whether appellee was or was not advised both of the guilty verdict reached by the district justice and of his right to appeal that conviction within thirty days.

If the record facts show that appellee was properly advised of his conviction and right to appeal, then, clearly, there was no breakdown of the judicial system and appellee is not entitled to an appeal *nunc pro tunc*; if, however, the record evidence shows that appellee was not so advised, the court must then decide whether or not it is appropriate to permit appellee leave to file his statutory appeal *nunc pro tunc*.

Order vacated and case remanded for further proceedings consistent with this decision. Jurisdiction is relinquished.

3. *Cf. Commonwealth v. McMillian*, 431 Pa.Super. 119, 635 A.2d 1100 (1993) (Dissenting Opinion, J. Beck).