J-A08043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ADAM KAUFMAN, | : | |
| | : | |
| Appellant | : | No. 2339 EDA 2015 |

Appeal from the Order August 3, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-MD-0001539-2015

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 10, 2016**

Adam Kaufman (Appellant) appeals *pro se* from the order entered on August 3, 2015, which denied his request to file a summary appeal *nunc pro tunc*.  We affirm.

On February 17, 2015, Appellant was convicted by Magisterial District Judge Christopher J. Cerski of summary retail theft and sentenced to pay a fine of $254.49.  Pursuant to Pa.R.Crim.P. 460, Appellant had 30 days in which to file a summary appeal for a trial *de novo* in the Court of Common Pleas of Montgomery County.  He did not do so.

On June 9, 2015, Appellant filed with the trial court a motion to file a summary appeal *nunc pro tunc*.  In that motion, Appellant claimed that he did not file a summary appeal in a timely fashion because he had a "mental disorder." Motion to File Summary Appeal *Nunc Pro Tunc*, 6/9/2015.

*Retired Senior Judge assigned to the Superior Court.

Appellant further claimed that when he committed the retail theft, he "was laboring under such a defect of reason" that he "did not know what [he] was accused of committing was wrong." *Id*. The trial court scheduled a hearing on the motion for August 3, 2015.

Appellant did not appear at the hearing on August 3, 2015, and the trial court denied Appellant's motion. Appellant timely filed a notice of appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's brief on appeal consists of two single-spaced pages explaining his mental health treatment, condemning Magisterial District Judge Cerski's behavior, and chastising the United States government for giving tax breaks to corporations that result in mass layoffs. Appellant's Brief at 1-2 (unnumbered). Despite Appellant's defective brief,[1] we address the single issue available to Appellant at this juncture, which is whether the trial court erred in denying Appellant's motion to file a summary appeal *nunc pro tunc*. In considering this issue, we bear in mind the following.

> [T]he allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in

---

[1] We are cognizant that Appellant's *pro se* brief does not comply with any of the mandates set forth in Pa.R.A.P. 2111 through 2119. However, because the issue before us is narrow and straightforward, we will address the merits of the claim.

instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

***

Rule [460] of the Pennsylvania Rules of Criminal Procedure provides that an appeal from a summary conviction must be filed within thirty days from the date of the conviction. Further, … judicial extensions of time are specifically prohibited by Section 5504 of the Judicial Code, except to relieve fraud or its equivalent.

A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief.

***Commonwealth v. Yohe***, 641 A.2d 1210, 1211-12 (Pa. Super. 1994)

(internal citations and quotation marks omitted).

In denying Appellant's petition, the trial court concluded that "[b]y failing to appear at the scheduled hearing, Appellant forfeited his right to present evidence as to why he should be permitted to file a summary appeal *nunc pro tunc*." Trial Court Opinion, 9/17/2015, at 2.

In **Yohe**, the trial court granted Yohe leave to file a summary appeal *nunc pro tunc* on the basis of statements made by Yohe's counsel at a colloquy conducted by the trial court and assistant district attorney. This Court reversed, holding that the "trial court abused its discretion in granting the subject petition on the basis of speculation, rather than on record facts." **Yohe**, 641 A.2d at 1212. This Court emphasized that it was Yohe's "burden

to create a record establishing his request for leave to appeal *nunc pro tunc*. At the very least, [Yohe] was required to proffer, and the trial court was obliged to receive, some evidence on the record, before [Yohe's] petition for leave to appeal *nunc pro tunc* could be granted" **Id**.

Based on the foregoing, we hold that the trial court did not abuse its discretion in concluding that Appellant's failing to appear for the hearing rendered it impossible for the trial court to grant Appellant leave to file his appeal *nunc pro tunc*.

We recognize that Appellant attempted to utilize his statement filed pursuant to Pa.R.A.P. 1925 to justify his failure to appear at the hearing. However, it is well-settled that "[b]ecause issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can … never be used to raise a claim in the first instance." **Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009). Thus, by attempting to use his 1925(b) statement to justify his failure to appear at the hearing, Appellant has waived these issues.

Even if this issue were raised properly, Appellant would not be entitled to relief for the reasons set forth in the trial court opinion.

> Appellant … filed a 1925(b) statement explaining his absence at the hearing. In short, he states that he was unable to appear at the hearing because his car was towed on August 1, 2015, which he did not know until August 3, 2015 (the date of the hearing); therefore he had no transportation to the courthouse that morning. Appellant also explains that he was not familiar with the public transit system to take him from Philadelphia to Norristown and he had no way to figure this out.

- 4 -

> Finally, he asks this [c]ourt to consider his explanation in light [of] the fact that he was recently hospitalized at a mental facility where he had been treated for depression with psychotic features.
>
> Even if [the trial c]ourt assumes that all of these allegations are true, Appellant fails to explain why he could not simply call chambers prior to the hearing to explain why he could not simply be present at his scheduled hearing at the scheduled time, and to request a continuance.

Trial Court Opinion, 9/17/2015, at 2.

Having concluded that the trial court did not err in denying Appellant's motion for leave to file a summary appeal *nunc pro tunc*, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/10/2016

- 5 -