J-S08010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLEY MCBRYDE | |
| Appellant | No. 822 WDA 2015 |

Appeal from the Order Entered May 13, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: MD 2261-2015

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 12, 2016**

Appellant, Ashley McBryde, appeals *pro se* from the order the Court of Common Pleas of Allegheny County entered on May 13, 2015 dismissing her petition to appeal *nunc pro tunc* a summary conviction. We affirm.

According to the pleadings, Appellant was found guilty of the summary offense of driving without a license on September 10, 2009.[1]  Appellant filed a petition to appeal *nunc pro tunc* from said conviction on April 29, 2015. On the same day, the trial court entered an order setting a hearing on the petition for May 13, 2015.  On the day set for the hearing, Appellant failed to appear.  As a result, the trial court dismissed the petition.  Specifically, the trial court noted that it denied the petition due to Appellant's failure to

---

[1] Appeals from a summary conviction must be filed within 30 days of the entry of the guilty plea or conviction.  **See** Pa.R.Crim.P. 460.

attend the hearing and her failure to provide an excuse for her absence. On appeal, Appellant argues she had an emergency preventing her from attending the hearing and that she called the chambers of the presiding judge to inform the court of the situation. Appellant also argues she never had a chance to challenge the conviction because she was unaware of the summary conviction and because of her inability to attend the *nunc pro tunc* hearing.

In an appeal from the denial of a petition to appeal *nunc pro tunc,* this Court has stated our standard of review as follows:

> [A]llowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

***Commonwealth v. Yohe***, 641 A.2d 1210, 1211 (Pa. Super. 1994) (internal citations and quotation marks omitted) (alterations in original).

Here, Appellant did not file an appeal within 30 days of her conviction. Therefore, the only way Appellant could attack the conviction was obtaining relief through a petition to appeal *nunc pro tunc*.

> A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief.

*Id.* at 1212 (citation omitted).

In the instant case, the trial court never had the opportunity to address whether Appellant met the above requirements because Appellant failed to appear at the *nunc pro tunc* hearing,[2] and consequently failed to explain her basis for *nunc pro tunc* relief. Because Appellant failed to provide any fact on the record, we are constrained to agree with the trial court that Appellant is not entitled to relief. Accordingly, the trial court did not abuse its discretion in denying Appellant's petition for *nunc pro tunc* relief. **See Yohe**, **supra**.

Order affirmed.

_____

[2] Appellant states she was unable to attend the hearing due an emergency involving her son. Appellant's Brief at 4. There is no record of a request for a continuance by Appellant, nor any evidence of the alleged emergency. Again, on this record, we are constrained to agree with the trial court that Appellant failed to provide an excuse for absence at the hearing on her petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/12/2016