J. S72025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.             :
:
ADAM JAY STEWART,           :
          APPELLANT    :
:
:      No. 2199 MDA 2015

Appeal from the Order Entered November 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-MD-0001267-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:         **FILED JANUARY 20, 2017**

Appellant, Adam Jay Stewart, appeals from the Order entered by the Court of Common Pleas of Lancaster County denying his Petition for Leave to File Summary Appeal *Nunc Pro Tunc* from his 2013 conviction for underage drinking, 18 Pa.C.S. § 6308(a). After careful review, we affirm.

The facts and procedural history, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion and our review of the record, is as follows. On March 1, 2013, when he was 19 years old, Appellant passed out in the back of a friend's vehicle after consuming alcohol. EMS transported him to Lancaster Regional Hospital and a breathalyzer reading indicated Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

had a blood alcohol content of .305.[1]  Appellant received a citation for the Section 6308 violation, which he signed on the line next to the phrase "I plead GUILTY."[2]  On May 28, 2013, Appellant appeared in court and signed a Time Payment Order establishing a payment plan for the fines and costs imposed as a result of the conviction.  Appellant completed the payment plan.

On October 26, 2015, Appellant filed a counseled Petition for Leave to File Summary Appeal *Nunc Pro Tunc* ("Petition") alleging that he "had heretofore been unaware that he was convicted," and that he "was not adequately advised that he was convicted or that he had the right to appeal . . . for a trial *de novo* in contravention of Pa.R.Crim.P. 83(e)."  **See** Petition.  Appellant annexed a copy of a July 23, 2013 Form DL-21C, indicating suspension of driving privilege, which explicitly states it was issued as a result of a conviction for a violation of 18 Pa.C.S. § 6308.[3]

On November 12, 2015, the Commonwealth filed an Answer to Defendant's Petition, annexing a copy of Appellant's signed citation and the

---

[1] Appellant does not dispute these facts.

[2] Appellant had also signed on the line following the phrase "I plead NOT GUILTY," but had drawn a line through that signature and initialed next to the line.

[3] Appellant avers that he never received that DL-21C form and only learned of it when his attorney obtained it from PennDOT in preparation of this Appeal.  Appellant's implication -- that he did not know for over two years that his driving privilege had been suspended in 2013 as a result of his conviction -- is, at best, disingenuous.

Time Payment Order, also signed by Appellant. On November 16, 2015, the trial court denied Appellant's Petition.

Appellant timely appealed, and filed a Pa.R.A.P. 1925(b) statement. The trial court filed a Pa.R.A.P. 1925(a) Opinion.

In his brief, Appellant provides the following Statement of Questions Involved:

1. Whether the trial court erred in denying Appellant's Petition to Appeal *Nunc Pro Tunc* where the Petition is based upon allegations that the conviction was predicated upon payment of fines and costs on Appellant's behalf without his knowledge or consent and that he did not receive adequate notice of his conviction or of his right to appeal and that he acted with due diligence in seeking relief.

2. Whether the trial court erred in denying Appellant's Petition to Appeal *Nunc Pro Tunc* without an evidentiary hearing such that there should be a remand to the trial court for the purpose of conducting an evidentiary hearing before a different judge.

Appellant's Brief at 4.

In an appeal from the denial of a petition to appeal *nunc pro tunc,* this Court has stated our standard of review as follows:

[A]llowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

*Commonwealth v. Yohe,* 641 A.2d 1210, 1211 (Pa.Super.1994) (internal citations and quotation marks omitted) (alterations in original).

- 3 -

Here, Appellant did not file an appeal within 30 days of his conviction. Therefore, the only way he could attack the conviction was by obtaining relief through a petition to appeal *nunc pro tunc.*

A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief. ***Id.*** at 1212 (citation omitted).

In his first issue, Appellant argues, *inter alia*, that "he was not the one who pled guilty and [ ] the guilty plea was effectuated by someone else without his knowledge or consent." Appellant's Brief at 10. This averment, which attempts to assert a claim of fraud to explain the delay in filing his appeal, was not raised in his Pa.R.A.P. 1925(b) statement.[4] Accordingly, Appellant has waived his claim of fraud. ***See*** Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(3)(iv); ***Commonwealth v. Hill***, 16 A.3d 484, 491 (Pa. 2011) (noting that "any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." (citation and emphasis omitted)).

---

[4] In his Pa.R.A.P. 1925(b) statement, Appellant alleged that "there was a breakdown in the operations of court which resulted in the lack of a timely appeal[.]" Concise Statement of Matters Complained of on Appeal, filed 12/28/15.

The trial court here concluded that Appellant was not entitled to *nunc pro tunc* relief because he failed to show that the delay in seeking appeal was caused by extraordinary circumstances. The trial court addressed Appellant's claim as follows:

> Here, Defendant's assertion that his lack of an appeal was due to a "breakdown in court operations" is baseless and falls well short of the extraordinary circumstances required for *nunc pro tunc* relief. The Defendant was issued a citation in this matter which detailed not only which section he was being cited under (6308(a)) but also Defendant's behavior which lead [*sic*] to that citation. Additionally, the back of the citation clearly set forth Defendant's "Right and Obligations" pursuant to this offense. This section indicated that the Defendant could plead guilty or not guilty either by signing the appropriate section on the lower portion of the citation or by appearing before the proper Magisterial District Judge. Here, Defendant clearly signed beside the "I plead GUILTY" section of the citation. Additionally, the Rights and Obligations section clearly stated that if Defendant plead guilty or was found guilty by the Magisterial District Judge ("MDJ"), he had thirty (30) days to file an appeal. Further, the rights and obligations stated "I understand my rights and obligations" directly above the signature portion. This indicates that Defendant had agreed to the rights and obligations upon him signing the "I plead GUILTY" line. Further, Defendant had appeared in front of MDJ Keller to set up a payment plan for this offense. Defendant also received a DL-21C in this matter which clearly indicated that he was convicted of committing a violation of 18 Pa. C.S. § 6308.
>
> Despite all of this, Defendant is attempting to claim that he was not aware of his conviction, due to court error, and he should therefore be entitled to *nunc pro tunc* relief. To reiterate, Defendant signed that he plead guilty on a form that contained: (i) the specific statute that he was cited under, (ii) a summation of his behavior leading to the citation, (iii) all of his potential avenues which he could choose to proceed, (iv) all of his rights to an appeal, and (v) a disclaimer that he understood all of his rights and obligations regarding this citation. These facts establish that Defendant willingly plead guilty to the offense and agreed to pay the costs associated with the offense. These

- 5 -

> actions are the antithesis of someone who did not want to be convicted in this matter.

Trial Court Opinion, dated 2/17/16, at 2-3.

We agree with the trial court's assessment. Our review indicates that Appellant did indeed have prompt notice that his signing the citation on the line "I plead GUILTY" meant that he was guilty of the offense. In addition, the citation itself fully apprised Appellant of his right to appeal within 30 days. Moreover, his signature on the payment plan and his subsequent payment of the fines and costs prove that he was fully aware of the conviction. Accordingly, we conclude that the trial court did not abuse its discretion or err as a matter of law in denying Appellant's Petition for leave to appeal his summary conviction *nunc pro tunc*.

Appellant next avers that because the trial court denied his Petition without a hearing, the case should be remanded for a hearing before a different judge. This issue is waived for the following reasons.

First, Appellant fails to cite to even one case, statute, or rule of procedure to support the underlying premise that he was entitled to an evidentiary hearing on his Petition. The failure to develop an argument or support it with citation to authority renders the argument waived. ***Commonwealth v. McLaurin**, 45 A.3d 1131, 1139 (Pa. Super. 2012) (issues are waived where an appellant cites no legal authority or fails to develop any meaningful analysis). **See also** Pa.R.A.P. 2101, 2119(a) (pertaining to appellate briefing requirements).

Second, Appellant's one-and-a-half page argument on this issue focuses solely on the trial court's alleged appearance of "bias and impartiality" as indicated by its deciding the matter in favor of the Commonwealth. Appellant's Brief at 13. This issue was not raised in his Pa.R.A.P. 1925(b) statement, and it is, thus, waived. ***See*** Pa.R.A.P. 1925(b)(3)(iv); ***Hill****, **supra**.*

We conclude that the trial court properly exercised its discretion and rendered appropriate legal conclusions. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017