J-S77023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSICA TAYLOR CAPPS | |
| Appellant | No. 722 MDA 2016 |

Appeal from the Order Entered April 28, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-MD-0000441-2016

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 24, 2017**

Appellant, Jessica Taylor Capps, appeals from the order denying her request to appeal *nunc pro tunc*[1] from her summary placement in an accelerated rehabilitative disposition (ARD) program.[2]  We vacate and remand.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that, although Appellant's motion was titled as a motion to be removed from the ARD program to enable her to have a trial on the merits, both the court and the parties have treated the claim as a petition to appeal *nunc pro tunc* from the summary conviction.  (**See** Trial Court Opinion, 6/08/16, at 1-2; Appellant's Brief, at 10-11; Commonwealth's Brief, at 4-5; N.T. Argument, 4/27/16, at 2-3; Order, 4/28/16).  Therefore, although the original request for relief was titled differently, we will review this matter as an appeal from the denial of a petition to appeal *nunc pro tunc*.

[2] **See** 75 Pa.C.S.A. § 1552, Accelerated Rehabilitative Disposition.

On November 6, 2015, the Kutztown University Police cited Appellant for underage drinking, 18 Pa.C.S.A. § 6308(a). Appellant pleaded not guilty on November 23, 2015, and a summary trial before the magisterial district judge was scheduled for January 6, 2016. On that date, the Commonwealth offered Appellant the opportunity to enter into the accelerated rehabilitative disposition (ARD) program, *see* 75 Pa.C.S.A. § 1552, that would allow her to have the charge dismissed and her record expunged in the future. As further explained by the trial court:

> Appellant entered into the ARD program and was permitted to take the underage drinking course, on-line, through the 3rd Millennium course, instead of in person in Berks County, so she would not have to drive to Berks from Bucks County, where she resides. On February 16, 2016, Appellant received a letter from the Pennsylvania Department of Transportation that her privilege to operate a motor vehicle was being suspended for 90 days, effective March 22, 2016. On March 16, 2016, Appellant, through new counsel, filed a Motion to be Removed from the ARD Program with a request that this matter be remanded to the Magisterial District Court for the scheduling of a summary trial. The matter was scheduled for April 27, 2016 for argument before the [trial court]. On [April 28, 2016], [the court] denied the request to appeal *nunc pro tunc* and have a trial *de novo* in the Court of Common Pleas[, without allowing Appellant the opportunity to provide evidence in support of her request for relief]. On May 5, 2016, Appellant filed a Notice of Appeal to the Superior Court. On May 9, 2016, [the court] ordered Appellant to file a concise statement of the errors complained of on appeal, which she filed on May 16, 2016. [The court filed an opinion on June 8, 2016. *See* Pa.R.A.P. 1925.]

(Trial Ct. Op., at 1-2).

Appellant raises the following issues for our review:

1. Whether the trial court erred by refusing to permit Appellant to present evidence in support of her motion[?]

2.     Whether the trial court erred in denying Appellant's motion to be removed from [the] ARD program where the allegations filed of record constitute a sufficient basis upon which to grant the requested relief[?]

(Appellant's Brief, at 4) (unnecessary capitalization omitted).[3]

. . . [T]he allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. . . .

Rule 86(a) of the Pennsylvania Rules of Criminal Procedure provides that an appeal from a summary conviction must be filed within thirty days from the date of the conviction.  Further, . . . judicial extensions of time are specifically prohibited by Section 5504 of the Judicial Code, except to relieve fraud or its equivalent.

A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief.

***Commonwealth v. Yohe***, 641 A.2d 1210, 1211-12 (Pa. Super. 1994)

(citations and quotation marks omitted); (***see also*** Trial Ct. Op., at 2-3).

Here, Appellant argues, and the trial court admits, that it abused its

discretion when it precluded Appellant from presenting evidence to establish

---

[3] We have reordered Appellant's issues for ease of disposition.

her right to a summary appeal *nunc pro tunc*. (**See** Appellant's Brief, at 13; Trial Ct. Op., at 3). We agree.

At argument, counsel maintained that Appellant only entered the ARD program on January 6, 2016 because she relied on an inaccurate assurance from the magisterial district judge that she would not lose her license if she did so. (**See** N.T. Argument, 4/27/16, at 2-3). However, after the thirty-day appeal period expired, Appellant received a letter dated February 16, 2016 from the Pennsylvania Department of Transportation informing her that her license would be suspended for ninety days. (**See** Appellant's Brief, at 5). Appellant filed the instant request for *nunc pro tunc* relief on March 16, 2016. At argument, counsel requested that the court allow Appellant the opportunity to introduce evidence and testify in support of her claim. (**See** N.T. Argument, at 6). The court denied Appellant's request. (**See id.**).

Based on the foregoing, and as readily admitted by the trial court, we must conclude that it abused its discretion when it denied Appellant the opportunity to present any evidence to support her position before it made its ruling denying her relief. (**See** Trial Ct. Op., at 3); **see Yohe**, **supra** at 1211-12. Hence, Appellant's first issue merits relief.[4] Accordingly, we agree with the trial court that the proper action is to vacate the order of April 28, 2016, and remand to allow Appellant the opportunity to meet her burden of

---

[4] Because of our disposition on Appellant's first issue, we will not reach her second one.

establishing the circumstances necessary to merit an appeal *nunc pro tunc* and a trial *de novo*. (**See** Trial Ct. Op., at 3); **see also Yohe**, **supra** at 1211-12.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Panella joins the Memorandum.

Judge Olson files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017