J-S48043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| IN RE: ALTON BROWN | |
| Appellant | No. 976 MDA 2016 |

Appeal from the Order Entered May 16, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-MD-0000578-2015

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 19, 2017**

Appellant, Alton Brown, appeals *pro se* from the order of May 16, 2016, denying his petition for leave to appeal *nunc pro tunc*. For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's September 12, 2016 opinion and our independent review of the certified record.

> [The trial c]ourt outlines the procedural history as advanced by the Commonwealth in [its r]esponse to [Appellant's] [p]etition for [l]eave to [a]ppeal [*n*]*unc* [*p*]*ro* [*t*]*unc,* filed April 14, 2016:
>
> > [Appellant] advanced a private criminal complaint in 2014 ("the private complaint") and

---

[*] Retired Senior Judge assigned to the Superior Court.

submitted it to the Office of Attorney General ("OAG"). In August of 2015, the OAG informed [Appellant] that he had filed the private complaint with the OAG improperly. In September of 2015, the OAG returned the private complaint to [Appellant], apparently on this basis.

On September 24, 2015, [Appellant] filed in [the trial c]ourt a petition for review of the determination of the OAG. On October 7, 2015, the OAG filed a response to the petition for review. On October 8, 2015, [the trial c]ourt filed with the Clerk of Courts an [o]rder denying the [p]etition for review.

On November 18, 2015, a notice of appeal of the denial of the petition for review, authored by [Appellant], was filed in the Dauphin County Clerk of Court's [o]ffice. On December 3, 2015, [Appellant] filed an amended notice of appeal, apparently in an effort to cure defects in the original note.

On December 10, 2015, the Superior Court entered an order directing [Appellant] to show cause why the appeal should not be quashed as untimely in light of the fact that the notice of appeal was filed [forty] days after the order [Appellant] sought to appeal from.

On January 7, 2016, [Appellant] filed a response to the rule to show cause order. On January 11, 2016, the Superior Court entered an Order quashing [Appellant's] appeal. The Order concluded with the following language:

> Accordingly, after review of [A]ppellant's response to this Court's show cause order of December 10, 2015, this appeal is hereby QUASHED without prejudice to [A]ppellant's right to request leave from the trial court to file an appeal *nunc pro tunc*.

On February 5, 2016, [Appellant] filed in [the trial c]ourt the pending petition for leave to file appeal *nunc pro tunc* ("the petition"). The [c]ourt directed the Commonwealth to file a response to the petition by April 13, 2016.

In the Commonwealth's [r]esponse, the Commonwealth indicated that it **may** be necessary to have an evidentiary hearing to determine whether Appellant should be granted permission to file a direct appeal to the Superior Court *nunc pro tunc*. As such, [the trial c]ourt scheduled an evidentiary hearing for April 28, 2016[,] and on April 18, 2016[,] issued a writ for [Appellant] to appear. The Sheriff of Dauphin County, thereafter, filed an answer that Appellant refused to be transported to Dauphin County. On May 11, 2016, Appellant filed a [r]equest for [e]videntiary [h]earing, and [r]equest for [o]rder for [e]videntiary [h]earing to be [c]onducted by [v]ideo. On May 16, 2016, [the trial c]ourt entered an [o]rder denying [Appellant's] [m]otion for [l]eave to [a]ppeal [*n*]*unc pro* [*t*]*unc*. On June 3, 2016, Appellant filed a [m]otion for [r]econsideration and a [n]otice of [a]ppeal to the Pennsylvania Superior Court. On June 24, 2016, [the trial c]ourt entered a [c]oncise [s]tatement [o]rder directing Appellant to file a [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal. [*See* Pa.R.A.P. 1925(b)]. In compliance with [the] [o]rder directing Appellant to file a concise statement of [errors] complained of on appeal, Appellant filed a [s]tatement of [e]rrors [c]omplained of on [a]ppeal on July 14, 2016. [*See id.* On September 12, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925]

(Trial Court Opinion, 9/12/16, at 1-3) (footnotes omitted) (emphasis in original).

On appeal, Appellant raises the following questions for our review:

I.   [Did the] trial court abuse[] its discretion in failing to reschedule the evidentiary hearing?

II.  [Did the] trial court's failure to file an adequate Rule 1925(a) opinion prejudice[] both Appellant and this Court?

III. [Did the] trial court err[] in denying *nunc pro tunc* relief?

(Appellant's Brief, at 2) (unnecessary capitalization omitted).

Appellant appeals from the denial of his petition for leave to appeal *nunc pro tunc*. Our scope and standard of review are settled.

> Initially, we note that the allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

*Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa. Super. 1994) (citations and quotation marks omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Woodward*, 129 A.3d 480, 494 (Pa. 2015), *cert. denied*, 137 S.Ct. 92 (2016) (citation omitted). A court may grant leave to file an appeal *nunc pro tunc*, where an appellant demonstrates that: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001) (citation omitted).

In the instant matter, the trial court dismissed Appellant's petition for leave to appeal *nunc pro tunc* after finding that Appellant "blatantly refused to attend the [evidentiary] hearing[.]" (Trial Ct. Op., at 5). We agree that by refusing to attend the hearing, Appellant abandoned his petition.

Appellant disagrees. He claims that the trial court abused its discretion in dismissing his petition when he refused to appear at the evidentiary hearing because: (1) Appellant received "short notice" of the hearing, which he believes constituted a breakdown in the court process; and (2) he suffers from prostate cancer and thus dismissing the hearing violated his rights under the Americans with Disabilities Act. (Appellant's Brief, at 4; *see id.* at 4-6).

Appellant first contends that he did not receive timely notice of the hearing, which constitutes a breakdown of the court process. (*See id.* at 4-6). However, the trial court signed the order scheduling a hearing for April 28, 2016, on April 15, 2016, almost two weeks in advance of the hearing. (*See* Order, 4/15/16). The prothonotary docketed the order and mailed it to Appellant that same day. (*See id.*).

Appellant claims that he did not receive the order until April 25, 2016. (*See* Appellant's Brief, at 3). Appellant has provided no evidence to support this statement. Moreover, Appellant has not shown that there was a breakdown of the court process; the court promptly mailed the order. At

most, he has shown that there were delays either by the United States Postal Service or by prison officials.

Appellant does not cite to any legal support for a claim that delays not attributable to the court constitute a breakdown in the court process. Thus, Appellant's argument that the trial court should have excused his failure to appear at the hearing because of the alleged delay in receiving the order scheduling the hearing lacks merit.[1]

Appellant also claims that the trial court should have excused his failure to appear at the hearing because he suffers from prostate cancer. (**See** Appellant's Brief, at 4-6). Initially, we note that Appellant has given us nothing but his own self-serving statement to support this assertion or to demonstrate that he was too debilitated to attend the hearing. Moreover, the notes of testimony from the hearing show that Appellant was not seeking treatment in the infirmary for his complaints of nausea and bleeding from the rectum on the date of the hearing but was housed in the restricted housing unit because he had been sticking sharp objects in his rectum. (**See** N.T. Evidentiary Hearing, 4/28/16, at 4-5, 8). Thus, Appellant's

_____

[1] In any event, Appellant, who is incarcerated, has utterly failed to demonstrate why the alleged lack of timely notice was problematic. (**See** Appellant's Brief, at 4-6). Appellant claims that sufficient notice would have allowed him to request leave to proceed via video conference. (**See id.** at 4). Appellant does not explain how he would know in advance that he would be ill on the date of the hearing and unable to attend (as discussed, **infra**, Appellant does not offer any proof of his claim that he is suffering from cancer).

contention that he suffers from cancer and was therefore too ill to attend the hearing is simply unsupported by the record.[2]  Therefore, the trial court did not abuse its discretion by dismissing his petition for leave to appeal *nunc pro tunc* when Appellant refused to appear for the evidentiary hearing on the petition.  **See Commonwealth v. Dixon**, 66 A.3d 794, 797-98 (Pa. Super. 2013) (affirming trial court's dismissal of summary appeal where defendant ignored instructions on court papers and did not appear at correct location for hearing); **Yohe**, **supra** at 1211.

Accordingly, for the reasons discussed above, we affirm the order of the trial court.[3]

_____

[2] We note that our Supreme Court has labeled Appellant "a frequent filer of frivolous litigation in the Commonwealth and federal courts."  **Brown v. Levy**, 73 A.3d 514, 516 (Pa. 2013) (footnote omitted).  Despite his extensive experience, Appellant did not file a sworn affidavit in support of any of the factual allegations made herein.  Further, Appellant, notwithstanding being allegedly debilitated by cancer, made no attempt to request to proceed via video conference when he filed his petition for leave to appeal *nunc pro tunc*.

[3] Because we find that the trial court did not abuse its discretion in dismissing Appellant's petition based upon his failure to appear at the hearing, we need not address his remaining two contentions on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2017