J-S31030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAUN KARL GIVEN | : | |
| | : | |
| Appellant | : | No. 1897 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-SA-0000052-2018

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: **FILED SEPTEMBER 17, 2020**

Appellant, Shaun Karl Given, appeals from the Judgment of Sentence entered on August 6, 2019 for Driving Under Suspension ("DUS").[1] Appellant contends that in 2007, a magisterial district judge ("MDJ"), who convicted Appellant of a motor vehicle violation, erroneously suspended Appellant's driver's license because the MDJ failed to provide the proper paperwork to the Pennsylvania Department of Transportation ("PennDOT"). Appellant concludes that as a result of the MDJ's alleged error, this and all other convictions for driving with a suspended license are invalid. However, Appellant failed to appeal his 2007 suspension and, therefore, he has waived any challenge to the 2007 suspension. Since the predicate for the challenge to his 2019

_____

[1] 75 Pa.C.S. § 1543(a).

conviction is the challenge to the 2007 suspension, Appellant's challenge to his 2019 conviction fails. We, thus, affirm the trial court.

Following is a brief summary of the facts and unusual procedural history of this case. Appellant asserts that PennDOT initially suspended his license in 2007 based on a conviction by an MDJ.[2] Appellant admits that, between 2007 and October 2018, police cited him numerous additional times for DUS, leading to additional license suspensions.

On October 8, 2018, police again cited Appellant for DUS. An MDJ found Appellant guilty on November 19, 2018. Appellant appealed to the Court of Common Pleas. On June 10, 2019, the court held a hearing on Appellant's summary appeal. Appellant stated to the court that a *de novo* trial was unnecessary because he was not challenging his 2018 DUS charge. N.T. Summary Appeal Hearing, 6/10/19, at 3, 12. Instead, Appellant presented argument and documentary evidence to support his assertion that the 2007 license suspension was improper.[3] *Id.* at 2-12.

On August 6, 2019, the trial court denied the oral Motion and imposed a sentence of 30 days' incarceration. The court reasoned that Appellant was "well aware that his license had been suspended and that choosing to ignore

---

[2] Appellant failed to provide a docket number, date of sentencing, or other information necessary to identify the "initial suspension" that occurred in 2007. We admonish counsel for Appellant for failing to provide this important information. The failure to provide this information, however, does not hamper our review of this appeal.

[3] The trial court characterized the proceeding as a hearing on an oral Motion to Dismiss the 2018 charges.

that suspension was not the proper way to address what he believed was a wrongful conviction [in 2007]." Trial Ct. Or., 8/6/19.

Following reinstatement of his appellate rights, Appellant filed a Notice of Appeal on November 19, 2019. Appellant presents one issue on appeal:

Whether or not due to the errors made by the [MDJ] as to the underlying 1543(A) should negate the finding of guilt on the 1543(A) presently?

Appellant's Br. at 5 (unpaginated).

Appellant contends that his license suspension in 2007 was improper because the MDJ allegedly did not, at that time, transmit Form DL-38 to PennDOT after convicting Appellant of the underlying infraction. Appellant's Br. at 8-14. Appellant argues that, due to the MDJ's alleged 2007 error, we should vacate his string of license suspensions that began in 2007, including this most recent DUS conviction. Appellant's Br. at 13-14. Appellant is not challenging the lower court's finding that he was driving a motor vehicle with a suspended license in October 2018. Appellant's Br. at 9-10; Trial Ct. Op., 3/20/20, at 1 (unpaginated).

Before we address the merits of this claim, we consider whether Appellant's challenge to the 2007 DUS conviction that underlies this appeal is properly before us. An appellant has 30 days to file an appeal after the entry of the guilty plea, conviction, or other final order in a summary case. Pa.R.Crim.P. 460(A). "[T]he consequence of failing to file [a timely direct appeal] is waiver of all issues which could have been raised in such an appeal."

*Commonwealth v. Jarema*, 590 A.2d 310, 312 (Pa. Super. 1991) (applying prior iteration of Rule 460(A)).

Notwithstanding the timing requirement of Rule 460, an appellant may seek leave to appeal a summary conviction *nunc pro tunc*. *Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa. Super. 1994). The appellant must demonstrate that (1) extraordinary circumstances involving fraud or a wrongful or negligent act of a court official caused the delay in filing his appeal; and (2) he acted promptly upon learning of the existence of the grounds for relief. *Id.* at 1212.

Appellant's challenge to his 2007 suspension is patently untimely, as Appellant seeks review approximately 11 years after the appeal period for his 2007 conviction expired, and he at no time sought *nunc pro tunc* review. Accordingly, Appellant has waived his challenge to the suspension of his license in 2007. Since the law forecloses Appellant from claiming that the MDJ erroneously suspended his license in 2007 and those errors are the predicate on which Appellant challenges his 2019 conviction, Appellant has no basis to challenge his 2019 conviction and we affirm the trial court.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/17/2020

- 4 -