J-S35044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK JERRID DORTCH | : | |
| | : | |
| Appellant | : | No. 297 MDA 2021 |

Appeal from the Order Entered February 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000319-2020

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: DECEMBER 10, 2021**

Frank Jerrid Dortch (Dortch), appearing *pro se*, appeals the order of the Court of Common Pleas of York County (trial court) denying his petition for leave to file a direct appeal, *nunc pro tunc*.  We affirm.

On October 15, 2020, a magisterial district judge of the York County Traffic Court tried Dortch *in absentia* as to four counts of driving with a suspended or revoked license (75 Pa.C.S. § 1543(A)), all of which were summary offenses.  On October 19, 2020, Dortch was sentenced, again *in absentia*, to an aggregate prison term of one year.  On December 23, 2020, beyond the 30-day window for filing a timely appeal, Dortch petitioned the trial court to reinstate his appellate rights.  He contended that he did not

_____

[*] Retired Senior Judge assigned to the Superior Court.

timely appeal the subject summary convictions because he did not receive notice of the 30-day filing deadline. The trial court denied that request on February 11, 2021, and Dortch timely appealed that order.

In his appellate brief, Dortch again argues that he did not receive notice of his appellate rights; he also asserts that the magisterial district judge violated procedural rules by holding the trial and sentencing hearing without Dortch being present. *See* Pa.R.Crim.P. 455(A); Pa.R.Crim.P. 86(a); *see also* Art. 1, § 9, Penn. Const. Essentially, Dortch maintains that he is entitled to *nunc pro tunc* relief because the untimeliness of his appeal was the result of a breakdown in court operations which deprived him of notice of his appellate rights. *See* Appellant's Brief, at 6. The Commonwealth did not file an appellate brief in response.

The trial court's denial of Dortch's request for *nunc pro tunc* relief did not constitute an abuse of discretion.[1] Dortch was tried and sentenced *in absentia* on October 15, 2020, and October 19, 2020, respectively. The procedural rules required the magisterial district court to give Dortch notice of the right to appeal the judgment of sentence within 30 days. *See* Pa.R.Crim.P. 460(a). An exception to the time-bar applies where a defendant "can establish a breakdown in the operation of the court." *Commonwealth v. Nicholas*,

---

[1] "An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc.*" *Commonwealth v. Stock*, 679 A.2d 760, 762 (Pa. 1996).

- 2 -

592 A.2d 98, 100 (Pa. Super. 1991). "[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances," such as a fraud or a breakdown in court operations that results in the defendant's lack of notice of his appellate rights. ***Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996).

"A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things:  (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief." ***Commonwealth v. Yohe***, 641 A.2d 1210, 1212 (Pa. 1994).

Here, we have reviewed the certified record, and the only explanation Dortch has given for his failure to timely file his appeal is that his mail was being delivered to his mother's place of work, but that at the relevant times, he could not pick up his mail in person due to health concerns stemming from COVID-19.  **See** 1925(b) Statement, Exhibit 1.  Even if this is true, Dortch's inability to retrieve mail from his mother's place of work clearly does not amount to a fraud or breakdown in the operations of the court.  Furthermore, even assuming that the magisterial district judge erred in holding the trial and sentencing him *in absentia*, that alone is a separate issue from whether a fraud or breakdown prevented Dortch from receiving notice of his appellate

rights – a critical fact which Dortch did not carry his burden of establishing.

Accordingly, the trial court did not err in denying Dortch's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021