J-S27035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
           v.                         :
                                :
                                :
RUDY JONES                     :
                                :
           Appellant         :   No. 1918 EDA 2024

Appeal from the Order Entered July 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0002562-2024

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED SEPTEMBER 8, 2025**

Rudy Jones appeals ***pro se*** from the July 8, 2024 order denying her petition for leave to appeal ***nunc pro tunc***, in ***absentia***, following her convictions for the summary offenses of driving while operating privilege is suspended or revoked, operating a vehicle without required financial responsibility, careless driving, overtaking vehicle on the right, and failure to utilize restraint systems.[1] After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [A]ppellant was found guilty in the Philadelphia Traffic Court of [multiple] violations of The Motor Vehicle Code that occurred on June 16, 2023. On June 3,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 1543, 1786, 3714, 3304, and 4581, respectively.

2024, [Appellant] filed a Petition For Leave to Appeal these Summary Convictions, ***Nunc Pro Tunc***. A hearing was then scheduled to occur on July 8, 2024, before this Trial Court regarding [Appellant's] Petition for Leave to Appeal the Summary Convictions, ***Nunc Pro Tunc***. However, July 8, 2024, [Appellant] failed to appear for this hearing and this Trial Court therefore entered an Order denying her petition due to her failure to appear.

On July 18, 2024, [Appellant] filed a Notice of Appeal from this Trial[] Court's July 8, 2024 Order to the Superior Court. On September 26, 2024, [Appellant] filed a "Statement in Support of my Appeal," [which the court treated as a Pa.R.A.P. 1925(b) statement.]. In this Statement, [Appellant] contends that she was unable to attend the July 8, 2024[] hearing due to issues surrounding her pregnancy, childcare, divorce, housing, transportation, and lack of counsel.

Trial court opinion, 11/14/24 at 1-2 (footnoted omitted).[2]

Appellant raises the following issues for our review:

1. Whether the [trial court] erred by failing to provide notice and opportunity to show cause for failure to appear at the hearing on July 8, 2024?

2. Whether the [trial court] erred by denying Appellant's Petition for Leave to Appeal ***Nunc Pro Tunc*** despite demonstrating excusable neglect due to divorce, pregnancy, housing instability, childcare obligations, and lack of transportation?

Appellant's brief at 2 (extraneous capitalization omitted).

_____

[2] The trial court filed its Rule 1925(a) opinion on November 14, 2024.

Our standard of review of an order denying a petition to appeal *nunc pro tunc* is as follows:

> [A]llowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

*Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa.Super. 1994) (internal citations and quotation marks omitted; some brackets in original).

Here, Appellant did not file a timely appeal within 30 days of her summary convictions. *See* Pa.R.Crim.P. 460(A) (stating, *inter alia*, that "an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken."). Therefore, the only way Appellant could attack the convictions was by obtaining relief through a petition for leave to appeal *nunc pro tunc*. "[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Commonwealth v. Williams*, 893 A.2d 147, 150 (Pa.Super. 2006) (citation omitted), *appeal denied*, 921 A.2d 497 (Pa. 2007).

It is well settled that,

> A party seeking leave to appeal from a summary conviction ***nunc pro tunc*** has the burden of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for ***nunc pro tunc*** relief, he acted promptly to seek such relief.

***Yohe***, 641 A.2d at 1212 (citation omitted).

Based on our review of the record, we discern no abuse of discretion on the part of the trial court in denying Appellant's petition for leave to appeal ***nunc pro tunc***. In the instant matter, the trial court never had the opportunity to address whether Appellant satisfied the above requirements because Appellant failed to even appear at the July 8, 2024 ***nunc pro tunc*** hearing – despite being instructed in writing of the consequences of her failure to do so – and consequently failed to explain her basis for ***nunc pro tunc*** relief. ***See*** "Notice of ***Nunc Pro Tunc***," 6/4/24 at ¶ 2. Appellant has made no claim that she attempted to reschedule the July 8, 2024 ***nunc pro tunc*** hearing or notified the court that she would be unable to attend due to her personal hardships. ***See*** Appellant's brief at 4-5. Nor does Appellant even assert in her appellate brief that her delay in appealing the underlying summary convictions was due to "extraordinary circumstances involving **fraud or a wrongful or negligent act of a court official**[.]" ***See Yohe***, ***supra*** (emphasis added).

Because Appellant failed to satisfy her burden on the record, we agree with the trial court that Appellant is not entitled to relief. Accordingly, we discern no abuse its discretion on the part of the trial court in denying Appellant's petition for **nunc pro tunc** relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/8/2025