J. S62036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MATTHEW PETER SZCZESNIAK, | : | No. 3800 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 2, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-MD-0005766-2015

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 05, 2019**

Matthew Peter Szczesniak appeals from the November 2, 2016 order denying his petition for leave to appeal ***nunc pro tunc***, following his convictions, ***in absentia***, of the summary offenses of reckless driving and turning movements and required signals.[1]  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  On August 3, 2012, appellant received one summary citation for reckless driving (Citation No. P1V94FXXW20) and one summary citation for turning movements and required signals (Citation No. P1V94GB2727) during the course of his arrest for driving under the influence.  On October 9, 2012, the Philadelphia Traffic Court convicted

---

[1] 75 Pa.C.S.A. §§ 3736 and 3334(a), respectively.

appellant **in absentia** of reckless driving and turning movements and required signals after he failed to show up for his scheduled court date. Appellant failed to appeal his convictions. Thereafter, on June 17, 2015, the Pennsylvania Department of Transportation notified appellant that his driving privileges were being revoked for a period of 5 years, due to the fact that his most recent May 22, 2015 DUI conviction constituted a third major violation within a five-year period.

On August 5, 2015, appellant filed a "Petition for Leave to File Summary Traffic Appeal **Nunc Pro Tunc**" in the Court of Common Pleas of Philadelphia County ("trial court"). A hearing on appellant's **nunc pro tunc** petition was scheduled for October 26, 2015, at the conclusion of which said petition was dismissed after appellant failed to appear. (**See** notes of testimony, 10/26/15 at 9.) On November 23, 2015, the trial court vacated its order dismissing appellant's petition, and a second hearing was scheduled for March 11, 2016. Following said hearing, the trial court denied appellant's petition for leave to appeal **nunc pro tunc** on November 2, 2016. This timely appeal followed on December 1, 2016. On May 2, 2017, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely Rule 1925(b) statement on May 8, 2017, and the trial court filed its Rule 1925(a) opinion on November 9, 2017.

Appellant raises the following issues for our review:

1.    Whether the trial court erred in denying appellant's petition to appeal *nunc pro tunc* where Philadelphia Traffic Court did not have jurisdiction to try the appellant since the evidence of record establishes that appellant did not respond to his citations or enter a plea and the court, rather than issue a bench warrant as is required, held a trial in absentia[?]

2.    Whether the trial court erred in denying appellant's petition to appeal *nunc pro tunc* where no adequate notice of trial was provided to the appellant by the court[?]

3.    Whether the trial court erred in denying appellant's petition to appeal *nunc pro tunc* where there was no competent record of evidence to rebut appellant's testimony that he did not receive notice of his conviction and his right to appeal from the court as required[?]

Appellant's brief at 4 (full capitalization omitted; emphasis added).

In an appeal from the denial of a petition to appeal *nunc pro tunc*, our standard of review is as follows:

> [A]llowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

*Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa.Super. 1994) (internal citations and quotation marks omitted; some brackets in original).

- 3 -

Here, appellant did not file an appeal within 30 days of his summary convictions. *See* Pa.R.Crim.P. 460(A) (stating, *inter alia*, that "an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken."). Therefore, the only way appellant could attack the convictions was by obtaining relief through a petition for leave to appeal *nunc pro tunc*. "[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Commonwealth v. Williams*, 893 A.2d 147, 150 (Pa.Super. 2006) (citation omitted), *appeal denied*, 921 A.2d 497 (Pa. 2007).

The crux of appellant's first claim is that the denial of his petition for leave to appeal *nunc pro tunc* was improper because the Philadelphia Traffic Court lacked subject matter jurisdiction to conduct his trial *in absentia*. (Appellant's brief at 10.) We disagree.

"Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented." *Commonwealth v. Succi*, 173 A.3d 269, 283 (Pa.Super. 2017) (citation omitted), *appeal denied*, 188 A.3d 1121 (Pa. 2018). "Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review."

***Commonwealth v. McGarry***, 172 A.3d 60, 65 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 185 A.3d 966 (Pa. 2018).

The jurisdiction and venue of traffic court in this Commonwealth is governed by 42 Pa.C.S.A. § 1302. In 2013, the Legislature enacted legislation that abolished the Philadelphia Traffic Court and transferred the jurisdiction to hear "prosecutions for summary offenses arising under . . . Title 75[]" to the newly established Traffic Division of the Philadelphia Municipal Court. ***See*** 42 Pa.C.S.A. §§ 1121, 1123(a)(9). Prior to that time, Philadelphia had two separate courts that dealt with summary and misdemeanor traffic offenses. Summary traffic offenses, like appellant's instant convictions, could only be heard in Philadelphia Traffic Court and misdemeanor traffic offenses could only be heard in Philadelphia Municipal Court. Because appellant was found guilty ***in absentia*** of summary traffic violations in the Philadelphia Traffic Court on October 9, 2012, the 2013 restructuring of the traffic court does not have any bearing on the current matter. At the time of appellant's convictions, Section 1302(a.1)(1)(i) vested the Philadelphia Traffic Court with jurisdiction "of all prosecutions for summary offense arising under . . . Title 75." 42 Pa.C.S.A § 1302(a)(i). Accordingly, under the plain reading of Section 1302, the Philadelphia Traffic Court had exclusive subject matter jurisdiction to adjudicate all summary traffic offenses committed within Philadelphia County at that time. Appellant's claim to the contrary must fail.

Appellant further contends that the Philadelphia Traffic Court lacked jurisdiction to conduct his trial *in absentia* because it failed to issue a bench warrant pursuant to Pa.R.Crim.P. 430(B) after he did not respond to the summary traffic citations. (Appellant's brief at 11-14.) This claim is meritless.

An appellant who claims the trial court improperly tried him *in absentia* bears the burden of "establish[ing] that his absence was with cause[.]" *Commonwealth v. Johnson*, 764 A.2d 1094, 1097 (Pa.Super. 2000), *appeal denied*, 781 A.2d 141 (Pa. 2001). The decision to conduct a trial *in absentia* remains within the discretion of the trial court. *See Commonwealth v. Wilson*, 712 A.2d 735, 739 (Pa. 1998) (holding that when a defendant voluntarily absents himself from the trial proceedings without cause, he has waived his right to be present, and the trial court retains discretion to continue without delay).

Read in relevant part, Rule 430(B) provides that a bench warrant shall be issued when "the defendant fails to respond to a citation or summons that was served upon the defendant personally or by certified mail return receipt requested[.]" Pa.R.Crim.P. 430(B)(1)(a).

Here, the Philadelphia Traffic Court's failure to issue a bench warrant in this matter after appellant did not respond to the traffic citations did not divest the court from jurisdiction. On the contrary, the authority of the Philadelphia Traffic Court to conduct a trial *in absentia* is set forth in

Pennsylvania Rule of Criminal Procedure 455, which provides, in relevant part, as follows:

> (A)   If the defendant fails to appear for trial in a summary case, the trial shall be conducted in the defendant's absence, unless the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence.  If the trial is not conducted in the defendant's absence, the issuing authority may issue a warrant for the defendant's arrest.
>
> . . . .
>
> (F)   If the defendant does not respond within 10 days to the notice [of conviction and sentence] in paragraph (D), the issuing authority may issue a warrant for the defendant's arrest.

Pa.R.Crim.P. 455(A), (F).

Under Rule 455, a trial court is not required to issue a bench warrant prior to conducting a trial *in absentia*.  Rather, the comment to Rule 455 states that:

> *Comment*:   In those cases in which the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence, **the issuing authority may issue a warrant for the arrest of the defendant in order to have the defendant brought before the issuing authority for the summary trial.** *See* Rule 430(B).  The trial would then be conducted with the defendant present as provided in these rules.  *See* Rule 454.

Pa.R.Crim.P. *Comment* (emphasis added). Based on the forgoing, appellant's second claim of trial court error must fail.

In his final two claims, appellant argues that the trial court abused its discretion in denying his petition for leave to appeal ***nunc pro tunc*** because he was not provided adequate notice of the October 9, 2012 trial ***in absentia***, his subsequent convictions ***in absentia***, nor his right to appeal therefrom, pursuant to Rule 455(D). (Appellant's brief at 15-19.) The record belies appellant's claims.

It is well settled that,

> [a] party seeking leave to appeal from a summary conviction ***nunc pro tunc*** has the burden of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied upon for ***nunc pro tunc*** relief, he acted promptly to seek such relief.

***Yohe***, 641 A.2d at 1212 (citation omitted).

Pursuant to Rule 455(D),

> [i]f the defendant is found guilty, the issuing authority shall impose sentence, and shall give notice by first class mail to the defendant of the conviction and sentence, and of the right to file an appeal within 30 days for a trial de novo . . . .

Pa.R.Crim.P. 455(D).

Instantly, the trial court found that appellant was not entitled to ***nunc pro tunc*** relief because the record fails to demonstrate that

appellant's delay in seeking an appeal was caused by extraordinary circumstances. (Trial court opinion, 11/9/17 at 2.[2]) In support of this conclusion, the trial court reasoned as follows:

> Appellant testified at his hearing on March 11, 2016 that he did in fact receive the traffic citations from the officer at the time of his arrest on or about August 3, 2012. ([Notes of testimony, 3/11/16 at 7-10.]) These citations had on them the required dates for the appellant to appear in court to answer the traffic violations. ([*Id.* at 17-21.]) Appellant acknowledged these dates to appear. Appellant acknowledged the fact that he has resided at the same address for the past 25 years. ([*Id.* at 15.]) Moreover, [] appellant states that he never received notice of his court trial default, despite notices being sent to his home address advising him of his right to appeal. The electronic notices were present in his Court file and these were brought to the attention of [] appellant and his counsel by the Court. ([*Id.* at 28-29.])
>
> On November 2, after holding the matter under advisement this court made the following findings of fact and conclusions of law: ([Notes of testimony, 11/2/16 at 4-7.])
>
> [Appellant's] testimony at the time of the motion was that he did receive the specific citations, which were marked as exhibit A and B, from the police officer at the scene and at the time of the stop. However, he was at this point unsure as to whether or not it was exactly on the date of August 3rd or August 2nd. But he did indicate that all the citations -- that both of the summary citations were issued to him personally at the scene on the same date that he was charged with the DUI. In addition to that, [appellant] contested the notice to appear for trial.

---

[2] The trial court's November 9, 2017 opinion does not contain pagination; for the ease of our discussion, however, we have assigned each page a corresponding number.

> The notice to appear for trial is on both the citations that [appellant] indicated that he had received. On the date of the stop that notice indicates: "Notice to Appear: You must appear for your summary trial which is scheduled for October 9, 2012 at 9:00 a.m. at 800 Spring Garden Street, Philadelphia, PA 19123[,]" which is the address where we are right now. It's the Traffic Court address. That notice appeared on both of those citations. [Appellant's] -- the basis for his contest of that notice was that he didn't read and didn't see that notice on the citations although he did receive the citations. And based on the fact that he didn't read or see that notice that it was not adequate notice[,] which is required under the rules and the law.

*Id.* at 3-4 (emphasis omitted; citations to notes of testimony reformatted).

Following our careful review of the record, we agree with the trial court's assessment that no fraud or a breakdown in the operation of the court occurred in this matter. *See Yohe*, 641 A.2d at 1212. The Philadelphia Traffic Court clearly provided appellant with adequate notice of the date and location of his summary trial on both of his citations, and mailed proper notice of his convictions *in absentia* to the address where appellant resided, which was the same address listed on his driver's license. (*See* Traffic Citations, Nos. P1V94FXXW20 and P1V94GB2727, 8/5/12; Philadelphia Traffic Court Notice of Conviction *In Absentia*, 10/11/12; Commonwealth's Exhibit A.) Additionally, appellant's appellate rights were set forth on the citations and notice of conviction that were mailed to his residence. (*Id.*) Appellant's final claims of trial court error, therefore, must fail.

- 10 -

Based on the foregoing, we affirm the November 2, 2016 order denying appellant's petition for leave to appeal ***nunc pro tunc***.

Order affirmed.


Lazarus, J. joins this Memorandum.

McLaughlin, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary



Date: 2/5/19