442 A.2d 1183

## COMMONWEALTH of Pennsylvania,

v.

## John M. CRUICE, Appellant.

Superior Court of Pennsylvania.

Submitted March 18, 1980.

Filed March 19, 1982.

Albert C. Oehrle, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PER CURIAM:

Appellant was convicted of damaging an unattended vehicle and failing to stop or report the accident.[1] Appellant contends that the trial court erred in finding that the Commonwealth offered sufficient evidence to sustain his conviction. For the following reasons we vacate the judgment of sentence, and remand to permit appellant to file post verdict motions nunc pro tunc.

The facts adduced at trial are as follows. At dusk on February 9, 1979, appellant was driving a late model station wagon on the Schuylkill Expressway in Montgomery County. His vehicle swerved and struck a sportscar parked on the berm. Appellant did not stop or report the accident. An eyewitness to the accident, Mr. Boulden, notified the police, and gave them the license number of the station wagon and a description of the driver. A hearing was held

before a district magistrate on April 19, 1979, at which appellant was positively identified by Mr. Boulden and found guilty.[2]  Appellant appealed to the Montgomery County Court of Common Pleas and a de novo trial was held on August 16, 1979.  At trial appellant's brother, who closely resembled appellant, sat behind defense counsel and appellant sat in the last row of the courtroom.  The court ordered appellant's brother to counsel's table, believing him to be appellant.  Appellant's brother sat at counsel's table and was identified by Mr. Boulden as the driver of the station wagon.  The trial court found appellant guilty despite Mr. Boulden's erroneous identification.  Appellant appealed from the judgment of sentence directly to this court without filing post verdict motions.

A defendant has ten days after a conviction in which to file post verdict motions.  Pa.R.Crim.P. 1123.  Any issue not raised by post verdict motion is deemed waived.  *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).  In *Commonwealth v. Koch*, 288 Pa. Superior Ct. 290, 293, 431 A.2d 1052, 1054 (1981), we held that the rule requiring post verdict motions is applicable to summary convictions.  Appellant's appeal, therefore, generally would be barred by his failure to file post verdict motions.  The record establishes, however, that the trial judge failed to advise appellant (1) of his right to file post verdict motions;  (2) the time within which he could file such motions;  and (3) the consequences of his failure to file post verdict motions.  Moreover, the court found appellant guilty at the close of trial, and did not afford him the ten day period in which to file post verdict motions.  Thus, since the trial court failed to inform appellant of his right to file post verdict motions, and because appellant filed his appeal prior to our holding in *Koch*, we remand for the filing of post verdict motions.

The judgment of sentence is vacated and the case remanded for the filing of post verdict motions nunc pro tunc.