465 A.2d 1296

**COMMONWEALTH of Pennsylvania**

v.

**Barbara N. COX, Appellant.**

Superior Court of Pennsylvania.

Argued June 16, 1983.

Filed Sept. 23, 1983.

Wallace A. Murray, Jr., Norristown, for appellant.

William Ditter, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that she did not knowingly and intelligently waive her right to file post-verdict motions. We agree and, accordingly, remand for the filing of post-verdict motions *nunc pro tunc.*

On February 27, 1981, appellant was issued a citation for passing a school bus pursuant to 75 Pa.C.S.A. § 3345(a). On April 5, after a hearing before the District Justice, appellant was found guilty and fined $100 plus costs. Appellant appealed from her summary criminal conviction to the Montgomery County Court of Common Pleas, where, after a *de novo* trial, she was again found guilty. This appeal followed.

■ Appellant contends that she was not apprised of her right to file post-verdict motions. Pa.R.Crim.P. 1123(c) requires the court to inform the defendant (1) of her right to file post-verdict motions and of her right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which she must file such motions; and (3) that only the grounds contained in such motions may be raised on appeal. If the record is devoid of a rule 1123 colloquy and the court's only actions were to find the defendant guilty and impose sentence, the defendant cannot be found to have knowingly and intelligently waived her right to file post-verdict motions. *Commonwealth v. Williams*, 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981).

■ Here, the Commonwealth concedes that appellant was never informed of her right to file post-verdict motions. Instead, the court held a *de novo* trial, found appellant guilty, and immediately imposed sentence. Accordingly, we remand for the filing of post-verdict motions *nunc pro tunc*. *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981).

Remanded for the filing of post-verdict motions *nunc pro tunc*. Jurisdiction not retained.