590 A.2d 310

COMMONWEALTH of Pennsylvania, Appellee,

v.

John JAREMA, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 17, 1991.

Filed April 26, 1991.

Martha Sperling, Doylestown, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com., appellee.

Before McEWEN, KELLY and HUDOCK, JJ.

HUDOCK, Judge:

Appellant appeals from an order denying his petition to appeal, *nunc pro tunc*, two summary convictions to the Court of Common Pleas. We reverse and remand.

Each of Appellant's convictions were for driving a motor vehicle while his operator's license was under suspension. 75 Pa.C.S.A. § 1543(a).[1] No appeals were taken within thirty days as required by Pa.R.Crim.P. 86. In due time, Appellant received notice from the Pennsylvania Department of Transportation that his operating privileges would be further suspended due to these convictions. He then filed the aforementioned petition, the basis of which was an alleged breakdown in the court's operations. Specifically, Appellant asserted that the district justice failed to inform him of his right to appeal or the thirty day period within which to do so. A hearing was convened on Appellant's petition, at which time Appellant testified that he was unrepresented by counsel at his trial before the district justice. Appellant also testified that the district justice did not advise him of his right to appeal for trial *de novo*. Appellant testified that he first became aware that he might have such a right after receiving notices of suspension from the Department of Transportation which advised him of his right to appeal the Department's action. Thereafter, Appellant sought legal advice. Following Appellant's testimony and argument by counsel, the court denied the petition.

In its opinion supporting its order, the court correctly stated the applicable law regarding appeals from summary convictions:

The law is clear that an appeal must be filed within thirty (30) days after entry of the order from which the appeal

---

**1.** At the hearing on his petition for permission to appeal *nunc pro tunc*, Appellant testified that the district justice adjudged him guilty at the conclusion of a hearing on one of the citations. Appellant further testified that he pled guilty to the second citation after being advised to do so by the district justice in an effort to save time since he (the district justice) would find him guilty on the second citation.

is taken. That applies to appeals from summary convictions. The only exception is where there are circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations. *Commonwealth v. Smith*, 348 Pa. Superior Ct. [sic] 10, 501 A.2d 273 (1985) and *Commonwealth v. Englert*, 311 Pa. Superior Ct. [sic] 78, 457 A.2d 121 (1983).

Trial court Opinion, at 2. In applying this standard to Appellant's asserted basis for relief, the court concluded: "We do not deem this dereliction, even if it occurred, to be either fraud or a breakdown in court operations." *Id.* Upon review, we are constrained to find the trial court erred.

The Rules of Criminal Procedure *mandate* that the issuing authority advise the defendant of his right of appeal and the time within which to exercise that right. Pa. R.Crim.P. 83(e). The Official Comment to the rule indicates the constitutional underpinnings of the paragraph by stating: "Paragraph (e) is included in the rule in light of *North v. Russell*, 427 U.S. 328[, 96 S.Ct. 2709, 49 L.Ed.2d 534] (1976)." In *North v. Russell*, the majority "assume[d] that police court judges in Kentucky recognize their obligation to inform all convicted defendants ... of their unconditional right to a trial *de novo* and of the necessity that an appeal be filed within 30 days in order to implement that right." *Id.* at 335, 96 S.Ct. at 2712, *citing,* Ky.Rule Crim.Proc. 12.04.

 In Pennsylvania, appeals from convictions for summary offenses, including motor vehicle violations, are governed by Pa.R.Crim.P. 86. "Rule 86(g) provides that [an appeal to the court of common pleas] is the *exclusive means* of challenging a summary conviction." *Commonwealth v. Bassion*, 390 Pa.Super. 564, 566–68, 568 A.2d 1316, 1318 (1990). (Emphasis in original; footnote omitted.) There are no preconditions or qualifying criteria which must be met before the right to appeal a summary conviction attaches. It is an unqualified right. *See, e.g., id.,* 390 Pa.Superior Ct. at 568–569 n. 3, 568 A.2d at 1318, n. 3 (a

right to appeal to the court of common pleas exists even for one who pleads guilty to a summary offense.) Ordinarily, the consequence of failing to file an appeal within the prescribed time period is waiver of all issues which could have been raised in such an appeal. The right to appeal for trial *de novo* is emasculated if a defendant is not informed of his or her right to appeal and how to perfect such an appeal.

Cases involving Pa.R.Crim.P. 1123, relating to post verdict motions, are instructive since the filing of post verdict motions is the initial step in appellate review. For example, in *Commonwealth v. Cruice,* 297 Pa.Super. 1, 442 A.2d 1183 (1982), this Court applied *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981) (*en banc*), and found that the appellant's appeal would have been barred by his failure to file post verdict motions but for the fact that the trial court failed to inform the appellant of his right to file such motions, the time within which such motions could be filed and the consequences of his failure to file such motions. *See also, Commonwealth v. Bradley,* 381 Pa.Super. 528, 554 A.2d 127 (1989) (plurality); *Commonwealth v. Cox,* 319 Pa.Super. 194, 465 A.2d 1296 (1983).

The allowance of an appeal *nunc pro tunc* lies, in the first instance, in the sound discretion of the court below. *Perin v. Gochnauer,* 173 Pa.Super. 609, 98 A.2d 755 (1953). *See also, Commonwealth, Dept. of Transportation v. Rick,* 75 Pa.Cmwlth. 514, 462 A.2d 902 (1983) (orders granting or denying petition to appeal *nunc pro tunc* are reversible in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.) As the trial court recognized, an appeal from summary conviction must be commenced within thirty days after entry of the order from which the appeal is taken. *Commonwealth v. Bassion, supra;* Pa.R.Crim.P. 86. Additionally, "judicial extensions of time are specifically prohibited by Section 5504 of the Judicial Code, except to relieve fraud or its equivalent." *Commonwealth v. Liptak,* 392 Pa.Super. 468, 472, 573 A.2d 559, 561 (1990), *citing, Commonwealth v. Englert, supra.*

> Where the party seeking leave to appeal *nunc pro tunc* demonstrates that the delay in ... filing the appeal was precipitated by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party, the court may allow enlargement of the time for appeal or appeal *nunc pro tunc.*

*Commonwealth v. Liptak,* 392 Pa.Superior Ct. at 472, 573 A.2d at 561. (Citations omitted.) In *Commonwealth v. Bassion, supra,* this Court opined "that the giving of incorrect and inaccurate information to an accused by the District Justice or his or her staff may, if established, constitute a breakdown in the court's operation that warrants the allowance of an appeal, *nunc pro tunc.*" *Id.,* 390 Pa.Superior Ct. at 570, 568 A.2d at 1319.

■ Instantly, the court denied Appellant's petition without deciding whether or not he was *fully apprised* of his right to appeal. "Clearly, a district justice ... is a 'court official' whose fraudulent, wrongful or negligent conduct causing injury to a party would, unquestionably, implicate the integrity of the judicial system. In such a situation, there would be little hesitation to conclude that a breakdown in the court's operation had occurred." *Id.,* 392 Pa.Superior Ct. at 473, 573 A.2d at 561. Thus, we conclude that the court erred in deciding it was immaterial whether or not the district justice advised Appellant of his right to appeal the summary convictions for a trial *de novo.*

Accordingly, we remand to the trial court for a determination of whether the district justice complied with the mandate of Pa.R.Crim.P. 83(e). If the court finds Appellant was not fully advised of his appellate rights as discussed above, it must then determine whether it is appropriate to permit an appeal *nunc pro tunc.*[2] If the court finds that Appellant was properly and fully advised of his right to appeal by the district justice in compliance with Rule 83(e),

**2.** We repeat the words of caution announced in Commonwealth v. Bassion, supra, that Appellant will be obliged to also prove that [he] acted promptly upon learning of the district justice's alleged error. See also, *Commonwealth v. Liptak,* supra.

the court shall reimpose its order denying Appellant's petition.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting.

While the opinion of the majority is a compelling expression of view, I am obliged to dissent for I would affirm the order denying the petition of appellant to undertake *nunc pro tunc* appeal.