625 A.2d 730

**COMMONWEALTH of Pennsylvania**

v.

**James H. ANDERS, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1993.

Decided May 7, 1993.

James H. Anders, pro se.

Alan R. Shadding, for appellee.

Before CRAIG, President Judge, and FRIEDMAN, J., and NARICK, Senior Judge.

CRAIG, President Judge.

James H. Anders appeals an order of the Court of Common Pleas of Crawford County affirming a district justice's decision fining Anders $300 for violating § ES–108.2 of the West Mead Township Existing Structures Code.

Anders is the landlord of premises located at 860 Morgan Street Extension, West Mead Township. Because of certain building code violations on the premises, the township issued on October 7, 1991, a Notice of Unsafe Structure Unfit for Human Occupancy, an Order to Repair and Restore to Safe Condition, and an Order to Vacate. The township placarded the premises with that order, which prohibited any use or occupancy of the premises.

Anders appealed that order to the court. However, in February of 1992, during the pendency of that appeal, Anders leased the placarded premises to a new tenant, notwithstanding the fact that the October 7, 1991 order from the township was still in effect. The subsequent leasing prompted the township to file a complaint against Anders for violating § ES–108.2 of the Code, which expressly prohibits the leasing of placarded premises. At the hearing before the district justice, Anders pleaded guilty to the violation, and the district justice imposed a fine of $500 pursuant to § ES–106.11.

Anders then appealed to the Court of Common Pleas of Crawford County, which heard the matter de novo on July 29, 1992. At that hearing, Anders again pleaded guilty to violating § ES–108.2 of the Code. Notwithstanding his admission of guilt, Anders argued that the court should not impose a fine because he had corrected all of the violations in the building before re-leasing the premises. However, because Anders pleaded guilty to the violation, the trial court fined Anders $300 plus court costs, which is the subject of the present appeal.[1]

1. The scope of review of the Commonwealth Court is limited to a determination of whether one's constitutional rights have been violated, whether an error of law has been committed, or whether any finding of fact is not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

### 1. *Amount of Fine*

 Initially, Anders argues that this court should reduce the amount of the fine imposed upon him by the trial court. Our Supreme Court has ruled that sentencing is a matter vested in the sound discretion of the trial court, and the trial court's judgment of sentence will not be disturbed in the absence of an abuse of discretion. *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981). To constitute an abuse of discretion, a sentence must either exceed the statutory limits, or be patently excessive. *Commonwealth v. White,* 341 Pa.Superior Ct. 261, 491 A.2d 252 (1985).

 In the present case, the trial court fined the appellant $300, plus court costs, for his admitted violation of § ES–108.2 of the Township Structures Code. That section specifically provides:

ES–108.2 *Prohibited Use.*

Any person who shall occupy a placarded premises or structure or part thereof, or shall use placarded equipment, and any owner or any person responsible for the premises who shall let anyone occupy a placarded premises shall be liable for the penalties provided by this code.

On the issue of penalties, Township Structure Code § ES–106.11 provides:

Any person who shall violate a provision of this code or who shall fail to comply with a requirement of this code or order of the code officer shall, upon being found liable therefor, pay a penalty or fine of not more than $1000 plus costs, and in default of payment, shall be sentenced to imprisonment for not more than thirty days. Each day that a violation continues shall be deemed a separate offense.

Because Anders pleaded guilty to violating § ES–108.2 of the Code, and because the Code authorizes a fine of up to $1,000, the trial court did not abuse its discretion in imposing a $300 fine.

## 2. Post-verdict Motions

Anders' second argument is that a remand is in order because the trial court did not inform him of his right to file post-verdict motions as required by Pa.R.Crim.P. 1123, which mandates that:

> (c) Upon the finding of guilty, the trial judge shall advise the defendant on the record: (1) of the right to file post-verdict motions and of the right of assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.

Our Supreme Court has held that, following a summary trial de novo, a defendant is to be informed by the judge of the right to appeal and of the requirement that post-verdict motions must be filed. *Commonwealth v. Hollingsworth,* 524 Pa. 172, 569 A.2d 947 (1990). These post-verdict motions should be filed and passed upon before taking any appeal, *including* an appeal from a conviction arising from a guilty plea. *Commonwealth v. Johnson,* 459 Pa. 141, 327 A.2d 124 (1974). If the record is devoid of a Rule 1123 colloquy and the trial court's only actions were to find the defendant guilty and impose sentence, the defendant cannot be found to have knowingly waived his right to file post-verdict motions. *Commonwealth v. Cox,* 319 Pa. Superior Ct. 194, 465 A.2d 1296 (1983).

In the present case, the trial judge properly informed Anders of his right to appeal; however, the judge failed to instruct Anders of his right to file post-verdict motions. Because the trial judge did not inform Anders of his right to file post-verdict motions, we cannot conclude that he knowingly waived that right.

Accordingly, we must vacate the trial court's order and remand the case for the filing of post-verdict motions nunc pro tunc. *Cox,* 319 Pa.Superior Ct. at 194, 465 A.2d at 1297.

## ORDER

NOW, May 7, 1993, the order of the Court of Common Pleas of Crawford County, dated July 29, 1992, at Criminal Division No. 1992–314, is vacated and the case is remanded for the filing of post-verdict motions nunc pro tunc.

Jurisdiction relinquished.