J-A32003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOANNA J. EASTMAN, | |
| Appellant | No. 131 WDA 2015 |

Appeal from the Order December 11, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-SA-0000038-2014

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 10, 2016**

Appellant, Joanna J. Eastman, appeals from the December 11, 2014 trial court order quashing her summary appeal as untimely.  We vacate and remand for a hearing on whether Appellant's right to appeal her summary convictions should be restored.

The relevant facts, as gleaned from the certified record, are as follows: After a traffic incident on September 4, 2013, Appellant was charged with summary motor vehicle offenses by certified summons issued on September 23, 2013.  According to the Magisterial District Judge docket, on September 8, 2014, Appellant was found guilty *in abstentia* of the offenses and sentenced to eighty days of incarceration.  However, the certificates of

disposition on the reverse side of the citations identifies September 9, 2014, as the date of adjudication.[1]

On October 9, 2014, Appellant filed a notice of appeal from the summary criminal convictions and a motion for leave to proceed *in forma pauperis*. Both documents are dated October 8, 2014. On November 21, 2014, the Commonwealth filed a motion to quash the appeal as untimely, and, a few days later, the trial court directed Appellant to file an answer to the Commonwealth's motion.

Subsequently, on December 8, 2014, Appellant filed a Petition and Answer to Rule to Show Cause averring, *inter alia*, that another individual was convicted in the same incident, that Appellant did not receive notice of the September 8, 2014 summary trial and judgment until September 29, 2014,[2] and that the *in forma pauperis* application and appeal were dated October 8, 2014, but time stamped October 9, 2014. The petition averred: "It is believed that the document was lodged with the Clerk on October 8, 2014[,] subject to the Court's approval of the *in forma pauperis* appeal and

---

[1] Although Appellant included a copy of the certificate in her brief, she does not argue that the discrepancy between the September 9, 2014 date of adjudication on the citation and the Magisterial District docket entry that identifies September 8, 2014, as the date of disposition warrants relief. We appreciate the Commonwealth's candor in this regard.

[2] These proceedings and the related factual averments are not part of the record on appeal.

therefore timely filed." Petition and Answer, 12/8/14, at unnumbered 2. In the alternative, Appellant requested "that the Court hold a hearing to determine whether [Appellant] should be permitted to proceed *nunc pro tunc*." **Id**.

By order entered December 11, 2014, the trial court quashed the summary appeal as untimely. On December 19, 2014, Appellant requested reconsideration of the order quashing the appeal and again petitioned the trial court to hold a hearing on Appellant's request to proceed *nunc pro tunc*. The docket does not indicate that the trial court ruled on the motion.[3]

On January 12, 2015, Appellant filed a notice of appeal to this Court. Because the original trial judge had since retired, the Honorable Farley Toothman ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely complied, arguing generally that the trial court erred when it did not hold a hearing on the question of the timeliness of the appeal. Judge Toothman did not address the arguments raised in Appellant's 1925(b) statement and simply entered an order indicating "the Court stands by the previously filed record" before the now-retired Judge Nalitz. Order, 3/12/15, at unnumbered 1.

Appellant raises one issue for appellate review:

---

[3] Because the trial court never ruled on the reconsideration motion, the date of the order appealed from is December 11, 2014. The thirtieth day from that order was January 10, 2015, a Saturday. This appeal, filed Monday, January 12, 2015, is timely. **See** 1 Pa. C. S. § 1908.

> Did the trial court . . . abuse its discretion and violate the due process rights of a summary offender on *de novo* appeal when the trial judge refused to hold a hearing to determine facts that establish she filed a timely appeal, was otherwise entitled to proceed *nunc pro tunc,* or should be granted other post-conviction relief?

Appellant's Brief at unnumbered 7. We construe Appellant's argument as a challenge to the trial court's decision to quash her summary convictions appeal without holding a hearing on her request for *nunc pro tunc* relief. Our standard of review in determining the propriety of a denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996).

Pennsylvania courts traditionally have held that in cases involving appeals from summary convictions, *nunc pro tunc* relief may be granted only when circumstances "such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations" result in the denial of a criminal defendant's constitutional right to an appeal. **Stock**, 679 A.2d at 762 (quoting **Commonwealth v. Jarema**, 590 A.2d 310, 311 (Pa. Super. 1991)). However, the **Stock** Court observed that the above-stated standard governing *nunc pro tunc* relief had been "somewhat liberalized" and proposed that a principle has emerged that "an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to extraordinary circumstances." **Id**. at 763–764 (citations omitted). Amplifying this ruling in **Criss v. Wise**, 781 A.2d 1156 (Pa. 2001), the Supreme Court held that untimeliness resulting from "non-

negligent circumstances, either as they relate to the appellant or the appellant's counsel," might warrant *nunc pro tunc* relief. ***Id.*** at 1159. ***See also Commonwealth v. White***, 806 A.2d 45, 46 (Pa. Super. 2002) (observing that the pertinent question in reviewing of the propriety of an adverse *nunc pro tunc* ruling is whether the right to appeal was denied because of extraordinary circumstances not of the appellant's doing).

With these principles in mind, we conclude that the instant case presents such extraordinary circumstances which, at a minimum, require that a hearing be held concerning Appellant's request for restoration of her appeal rights. The factual discrepancy in the certified record regarding the date of the district magistrate's adjudication reasons this conclusion. If, as the reverse side of the traffic citations memorializes, Appellant was adjudicated guilty on September 9, 2014, then her appeal filed on October 9, 2014, was timely. We conclude this facial inconsistency mandates the trial court to conduct a hearing on the timeliness of the appeal.[4]

Alternatively, if the docket entry indicating that the adjudication occurred on September 8, 2014, is deemed accurate, the trial court should

---

[4] The Commonwealth does not appear to oppose this remedy as it "submits that this Court may determine [whether the date of adjudication] discrepancy requires remand for clarification as adjudication on the later date would render the summary appeal timely." Commonwealth's Brief at 6.

consider the significance of Appellant's claim that the motion to proceed *in forma pauperis* and the appeal were timely presented for filing on October 8, 2014. If it can be established that the failure to rule on the motion, the granting of which was a condition precedent to the filing of Appellant's appeal, represented a breakdown in the court's operation, Appellant's appeal rights should be restored *nunc pro tunc*.

For these reasons, we vacate the order quashing Appellant's appeal as untimely and remand for a hearing on the propriety of relief requested by Appellant.

Order vacated. Case remanded for proceedings consistent with this adjudication. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2016