J-S80025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE PRUSSMAN | : | |
| | : | |
| Appellant | : | No. 2051 EDA 2018 |

Appeal from the Order Entered June 13, 2018
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-SA-0000005-2018

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                **FILED MARCH 20, 2019**

Nicole Prussman appeals from the June 13, 2018 order denying her petition for *nunc pro tunc* appeal of her summary conviction.  We affirm.

On August 8, 2017, Appellant received a traffic citation for driving while operating privilege suspended in violation of 75 Pa.C.S. § 1543(A).  She pled guilty to the summary offense in front of the magisterial district judge on October 5, 2017, and was advised at the time that she had thirty days to file an appeal for a *de novo* trial.  She did not file an appeal.

On October 13, 2017, Appellant received notice from the Pennsylvania Department of Transportation ("PennDOT") that her operator's license was

suspended for one year.[1]  In response, she filed a timely appeal of the license suspension.

On April 17, 2018, Appellant filed a petition for *nunc pro tunc* appeal of her summary conviction.  In her petition, Appellant alleged that when she pled guilty to the summary offense, she was unaware that it carried a civil collateral consequence of a one-year license suspension.  She averred further that she would not have pled guilty had she known that fact, and that her plea was unknowing and unintelligent.

Appellant alleged that her failure to timely appeal the summary conviction was due to a breakdown in the court's operation, specifically, the court's failure to inform her that the guilty plea carried with it the collateral civil consequence of a one-year license suspension.  She also pled that she had been "told" that all she needed to do was appeal the license suspension, which she did.  Petition for Leave to Appeal Nunc Pro Tunc, 4/17/18, at 1.  It was only later that she learned that absent an appeal of the underlying conviction, her license suspension appeal would not be granted.  *Id*.  She averred that the Commonwealth would not be prejudiced by the delay, that only the filing police officer would be necessary at the *de novo* trial, and the interests of justice required the granting of the appeal.  *Id*.

---

[1]  Appellant originally claimed that the thirty-day appeal period on the summary conviction had expired before she received notice of the license suspension.  The trial court rejected that contention, pointing out that Appellant received the notice of suspension well within the thirty-day appeal period.  Trial Court's Statement of Reasons, 9/12/18, at 4.

On June 13, 2018, the trial court held back-to-back hearings on Appellant's petition for *nunc pro tunc* appeal of the summary conviction and the appeal from the license suspension. Appellant testified that there were personal circumstances that led to her license being delinquent. She described a very difficult pregnancy and maintained that, at the time of the traffic stop, she was traveling to care for her father who was in the last stages of a terminal illness. When she pled guilty, she thought she was merely paying a fine for not having a valid driver's license. She testified that she did not know about the one-year suspension until she received the PennDOT notice, and that she filed a timely appeal from that notice. Appellant maintained that she thought she had addressed the cause of her suspension, but learned months later that this was not the case. At that time, she retained counsel who filed the petition for appeal *nunc pro tunc* on her behalf.

The Commonwealth moved to dismiss the petition, and the court granted the motion. Thereafter, they proceeded to a hearing on the propriety of the license suspension. Counsel for Appellant conceded that the outcome of the earlier matter controlled, the court agreed, and the appeal was denied. Counsel argued, however, that the suspension should be stayed while Appellant filed an appeal from the decision on the *nunc pro tunc* appeal. The Commonwealth represented that Appellant already had a stay as a result of filing the instant appeal, but that since she was under suspension due to another outstanding citation, her license was still suspended. After

acknowledging that granting a stay would not benefit Appellant, the court declined to grant a stay.

Appellant filed a motion for reconsideration of the trial court's denial of her *nunc pro tunc* appeal, which was denied by order of June 26, 2018. Appellant timely appealed and complied with Pa.R.A.P. 1925(b).[2] On September 12, 2018, the court fled its Statement of Reasons for its decision.

On appeal, Appellant presents one issue for our review:

1. Did the [t]rial [c]ourt abuse its discretion where it denied Appellant's *nunc pro tunc* appeal from summary conviction despite evidence of record establishing extraordinary circumstances related to Appellant's delay in filing, specifically:

   a. A breakdown in the Court's operations for failing to inform her of a mandatory collateral consequence to her conviction;

   b. Ineffectiveness of counsel whereby Appellant was wrongfully advised by her counsel that she did not need to file an appeal of the summary criminal conviction in this matter to remove her license suspension which, in fact, was an absolute requirement and proved fatal to Appellant's requested relief;

   c. That Appellant would otherwise be unable to vindicate her absolute right to appeal afforded to

---

[2] Appellant identified four reasons why the trial court erred in denying her petition seeking a *nunc pro tunc* appeal. She maintained that the late filing was due to a breakdown in the court; was the product of an unknowing and unintelligent guilty plea; that she only received notice of the suspension from the Department of Transportation after the deadline for filing a timely appeal from the summary conviction; and that failure to permit the appeal would result in her loss of her absolute right to appeal guaranteed by Article V, section 9 of the Pennsylvania Constitution. Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, 7/30/18, at 1.

her by the Pennsylvania Constitution, Article V,
Section 8?

Appellants brief at 5.

This is an appeal from the denial of an appeal *nunc pro tunc* from a summary conviction. Our standard of review of the propriety of such an order is whether the trial court abused its discretion. **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996) (citing **Commonwealth v. Jarema**, 590 A.2d 310 (Pa.Super. 1991)). The following principles inform our review.

An appeal must be filed within thirty days after the entry of the order from which the appeal is taken, and that rule is applicable to appeals from summary convictions. Pennsylvania courts traditionally have held that in cases involving appeals from summary convictions, *nunc pro tunc* relief may be granted only when circumstances "such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations" result in the denial of a criminal defendant's constitutional right to an appeal. **Id**. at 762 (quoting **Jarema**, **supra** at 311). This standard has been "somewhat liberalized" to afford a right to an appeal where the right has been lost due to extraordinary circumstances. **Id**. at 763-64. **See Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001) (holding that untimeliness due to non-negligent circumstances, either "as they relate to the appellant or the appellant's counsel," might warrant *nunc pro tunc* relief); **see also Commonwealth v. White**, 806 A.2d 45, 46 (Pa.Super. 2002) (observing that the pertinent question in reviewing of the propriety of an adverse *nunc pro tunc* ruling is

whether the right to appeal was denied because of extraordinary circumstances not of the appellant's doing).

The trial court found no fraud, breakdown in the court's operations, or extraordinary circumstances that would warrant the grant of *nunc pro tunc* relief. After our review of the record and the applicable law, we find no abuse of discretion on the part of the trial court.

Notably, Appellant expressly abandons her claim that the court's failure to advise her of the civil collateral consequences of pleading guilty to 75 Pa.C.S. § 1543 constituted a breakdown in the court.[3] She proceeds, however, in reliance upon **Commonwealth v. White**, 806 A.2d 45, 46 (Pa.Super. 2002), for the proposition in support of her contention that *nunc pro tunc* relief is appropriate here where the loss of her right to appeal was due to extraordinary circumstances not of her own making. Appellant contends that the record demonstrates a "plethora of extraordinary circumstances" that entitled her to *nunc pro tunc* relief, primary among them the incorrect legal advice she received.

At the June 13, 2018 evidentiary hearing, Appellant testified about challenging personal circumstances that explained why her license had lapsed.

_____

[3] Appellant acknowledges that under **Commonwealth v. Duffey**, 639 A.2d 1174 (Pa. 1994), the magisterial district judge was not obligated to notify her of the collateral civil consequence of license suspension. Nonetheless, she asks that we view her lack of knowledge of that consequence as a factor contributing to the extraordinary circumstances surrounding her delay.

None of these circumstances is relevant in determining whether her subsequent failure to file a timely appeal should be excused. Furthermore, while she did not know when she pled guilty that her license would be suspended for one year, she had more than two weeks to file a timely appeal from the summary conviction after she received notice of the suspension.

The crux of Appellant's argument is that she relied upon legal advice that she did not need to file an appeal from the summary criminal conviction in this matter in order to remove her license suspension, when, in fact, such an appeal was an absolute requirement. She argues that the ineffective assistance of counsel she received affected her constitutional right of appeal, and thus, *nunc pro tunc* relief is warranted. **See Commonwealth v. Bronough**, 670 A.2d 147 (Pa.Super. 1996) (permitting appeal *nunc pro tunc* where PCRA court denied petitioner an evidentiary hearing on a claim that counsel was ineffective in failing to file a requested direct appeal in light of absolute right to appeal under Pa.Const., art. V, § 9); **Stock**, **supra** (finding exceptional circumstances justifying *nunc pro tunc* appeal, where appellant's attorney's failure to file a requested appeal from a summary conviction resulted in the loss of his state constitutional right to appeal under Pa. Const. art. I, § 9).

In support of her contention, Appellant references the fact that she was advised by counsel that there was no need to appeal the summary conviction in order to attack the license suspension. While she acknowledges that she

had not retained counsel and directed counsel to file an appeal as in **Stock**, she argues that nevertheless, she was non-negligently deprived of her right to appeal due to counsel's incorrect advice upon which she relied. She cites **Stock** for the proposition that the only way her state constitutional right to appeal can be vindicated is by the grant of an appeal *nunc pro tunc*. Appellant's brief at 19.

Distilled to its essence, the extraordinary circumstance upon which Appellant relies in support of her claim that the court abused its discretion in denying her a *nunc pro tunc* appeal is counsel's incorrect advice about the need to file an appeal from the summary conviction. However, there is no indication in the certified record that this circumstance ever occurred.

In her petition, Appellant pled that she "appealed the License Suspension, having been told that was all she needed to do." Petition, 4/17/18, at 1. She pled further that she learned otherwise when she met present counsel at a social gathering on April 14, 2018. **Id**. Glaringly absent is any allegation that she sought legal advice or retained an attorney who provided incorrect advice regarding the need to file an appeal from the summary conviction in order to challenge the suspension.

Nor did her testimony at the evidentiary hearing establish anything akin to ineffective assistance of counsel in this regard. She testified only that she "filed an appeal. I'm still a little confused as to what went wrong. I thought I had followed what I was supposed to do filing that appeal here again." N.T.

*Nunc Pro Tunc* Appeal of Summary Conviction, 6/13/18, at 8. There was simply no evidence adduced that her failure to file a timely appeal from the summary conviction was based upon any legal advice, let alone ineffective assistance of counsel. Thus, the record does not support claims of ineffective assistance of counsel that would bring this case within **Stock**, or demonstrate extraordinary circumstances that would entitle her to a *nunc pro tunc* appeal.

For these reasons, we find no abuse of discretion on the part of the trial court, and hence, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/19