J-S42032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MENA SAMIR DOUS | : | |
| | : | |
| Appellant | : | No. 604 MDA 2024 |

Appeal from the Order Entered March 26, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000104-2023

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: NOVEMBER 21, 2024**

Appellant, Mena Samir Dous, appeals *pro se* from the trial court's March 26, 2024 order denying his petition to file a *nunc pro tunc* appeal from his judgment of sentence entered on June 7, 2023.  After careful review, we affirm.

The trial court summarized the pertinent facts and procedural history of this case, as follows:

> On June 7, 2023, after a summary conviction appeal hearing, the court found [Appellant] guilty of one count of driving while [operating privileges are] suspended [or revoked], [his] 6th or subsequent offense, pursuant to 75 Pa.C.S.[] § 1543(a) and 75 Pa.C.S.[] § 6503(a.1).[1]  The court sentenced [Appellant] to 30 days' house arrest, a $ 1,000.00 fine, and costs.  (Order, June 7, 2023).
>
> > [1] 75 Pa.C.S.[] § 6503(a.1) requires increased penalties for sixth or subsequent offenses of section 1543(a).
>
> On March 18, 2024, [Appellant] filed a [*pro se*] "*Nunc Pro Tunc* Notice of Appeal[,]" which the court interpreted as a petition to

appeal to the Superior Court of Pennsylvania *nunc pro tunc*. As an exhibit, [Appellant] attached an untimely notice of appeal dated August 4, 2023, and a motion to consolidate this case with CP-67-SA-280-2022.[2] (Def.'s Notice of Appeal *Nunc Pro Tunc*, Ex. 1, Mar. 18, 2024).

> [2] CP-67-SA-280-2022 is presently pending before the Superior Court of Pennsylvania and is docketed at 1362 MDA 2023.[1]

On March 26, 2024, the court issued an order denying [Appellant's] petition to appeal to the Superior Court of Pennsylvania *nunc pro tunc*, explaining that [Appellant's] appeal is untimely, and [he] fails to demonstrate a "breakdown in the court's operations" to warrant *nunc pro tunc* relief. (Order Denying Pet. to Appeal *Nunc Pro Tunc*, Mar. 26, 2024).

On April 22, 2024, [Appellant] filed a [*pro se*] notice of appeal of the court['s] order denying [his] petition to appeal *nunc pro tunc* dated March 26, 2024.

On April 23, 2024, the court ordered [Appellant] to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On May 15, [Appellant] filed a [*pro se*] statement … pursuant to [Rule] 1925(b). [Appellant] asserts the court erred in denying his petition to appeal to the Superior Court of Pennsylvania *nunc pro tunc*, and challenges his underlying conviction … pursuant to 75 Pa.C.S.[] § 1543(a) and 75 Pa.C.S.[] § 6503(a.1).

Trial Court Opinion (TCO), 6/18/24, at 1-3 (unnecessary capitalization omitted). The trial court filed a Rule 1925(a) opinion on June 18, 2024.

On appeal, Appellant has filed a *pro se* appellate brief that wholly fails to comply with the Pennsylvania Rules of Appellate Procedure. Namely, Appellant does not include any of the required sections set forth in Pa.R.A.P.

---

[1] This Court discerns no reason to *sua sponte* consolidate the present matter with 1362 MDA 2023, as each case stems from unrelated convictions and separate judgments of sentence that were imposed on different dates.

2111, such as a statement of the questions involved, statement of the case, or summary of the argument. Instead, aside from a cover page and certificates attached at the end of his brief, **see** Appellant's Brief at 3-4, Appellant presents only the following three paragraphs:

AND NOW THIS 1st day of August 2024; comes before this Honorable Court this supplementary brief regarding this matter. Appellant respectfully directs this Honorable Court to the brief previously filed in "1100, 1101, 1102, 1362 MDA 2023, 63, 98 SA 2023, etc., and all incoming operating while suspended citations from Judge Urruita's Magistrate and the Dauphin County Court of Common [P]leas[,]" [w]hich was filed on November 3[,] 2023, pertaining to legal and statutory arguments pertaining to these matters and section 1533 as a whole. (Appellant wishes to note he mistakenly had "Office of Chief Counsel" in the distribution of the above brief instead of the "Dauphin County DA's Office[,]" who was properly served with said brief on the original day of its filing.)

In this specific matter, Appellant wishes to respectfully direct this [C]ourt to his concise statement of errors complained on appeal filed in this matter on May 15th of 2024, where Appellant outlines the breakdown in court procedure that necessitated *nunc pro tun[c]* relief as well as raises the legal arguments and jurisdictional issues present in this matter. Appellant also argued within the concise statement that the trial [c]ourt erred in failing to grant his motion to consolidate this matter with 1362 MDA 2023, which would have allowed his appeal to have been timely filed a long [*sic*] with that one.

### CONCLUSION

WHEREFORE it is for the above reasons that Appellant respectfully requests this Honorable Court to grant *nunc pro tun[c]* relief, to reverse the trial courts [*sic*] decision in this matter, to sustain Appellant's appeal, and to consolidate all operating while suspended citations for purposes of appeal.

*Id.* at 2 (some emphasis omitted).

Appellant's confusing argument, which is unsupported by any legal authority, does not warrant relief. Initially, we recognize that "[a]n abuse of

discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*." **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996) (citing **Commonwealth v. Jarema**, 590 A.2d 310, 312 (Pa. Super. 1991)). Here, in denying Appellant's petition to appeal *nunc pro tunc*, the trial court explained:

> Under Pa.R.A.P. 903, a notice of appeal to the Superior Court of Pennsylvania must be filed "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "The failure to file a notice of appeal within the time allowed by [Rule] 903 … renders an appeal invalid." Pa.R.A.P. 902(b)(2). This rule applies to appeals from summary convictions. … **Stock**, 679 A.2d [at] 762…; … **Jarema**, 590 A. 2d [at] 311…. "The only exception is where there are circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations." [**Stock**, 679 A.2d at 762]…. "An appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." [**Id.**] at 764. "Negligence on the part of the appellant does not justify the granting of an appeal *nunc pro tunc*." [**Commonwealth v.**] **Smith**, 501 A.2d [273,] 275 [(Pa. Super. 1985)].
>
> Here, [Appellant] alleges a "breakdown in court procedure" but fails to support this claim. (Def.'s Statement of Errors Complained of on Appeal at 2, May 15, 2024). [Appellant] asserts [that] he sent his first notice of appeal to the Clerk of Courts on August 4, 2023, but it was never docketed. **Id.** However, the court finds that even if this appeal were docketed, it was invalid due to its untimeliness, because it was filed more than 30 days following the court's order dated June 7, 2023. **See** Pa.R.A.P. 903; Pa.R.A.P. 902(b)(2). Furthermore, [Appellant's] single notice of appeal improperly included multiple cases.[3] [Appellant] was advised of this defect via an e-mail message from the Clerk of Courts dated August 4, 2023, advising [him] that he must submit a separate [notice of] appeal for each case. (Def. *Nunc Pro Tunc* Notice of Appeal, Ex. 1, March 18, 2024). [Appellant] claims he corrected this defect by submitting amended notices of appeal to the Clerk of Courts[,] but [he] fails to attach or provide evidence of these filings. (Def. Concise Statement of Errors Complained of on Appeal at 1, May 15, 2024).

> [3] [Appellant's] August 4, 2023 notice of appeal contains three separate docket numbers: the present case, docketed at CP-67-SA-104-2023; a miscellaneous docket, CP-67-MD-1031-2023; and another case, CP-67-SA-280-2023. (Def.'s *Nunc Pro Tunc* Notice of Appeal, Ex. 1, Mar. 18, 2024).[2]
>
> Moreover, [Appellant] claims he did not notice that an appeal in this case had not been docketed until seven months later, after he filed a brief in [his] appeal [docketed at 1362 MDA 2023]. [Appellant] avers [that] this prompted him to file the March 18, 2024[] *nunc pro tunc* notice of appeal. ***Id.*** The court finds this explanation insufficient to demonstrate a breakdown in court operations, or any other exception to the timeliness [requirement] under [Rule] 903. Accordingly, [Appellant's] failure to file an appeal within the time allotted under [Rule] 903[] renders [his] appeal invalid under [Rule] 902(b)(2). As such, the court did not err in issuing its order denying [Appellant's] petition to appeal to the Superior Court of Pennsylvania *nunc pro tunc*.

TCO at 3-5 (unnecessary capitalization omitted).

We discern no abuse of discretion by the trial court in denying Appellant's request to appeal *nunc pro tunc*.[3] Appellant has not offered any

---

[2] Our Supreme Court has held that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018).

[3] However, we recognize that the trial court erred by not treating Appellant's "Notice of Appeal *Nunc Pro Tunc*" as his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and appointing him counsel if it found him to be indigent. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (stating that "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief" and that "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (internal citation omitted); Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H) [regarding death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction

*(Footnote Continued Next Page)*

explanation for the untimeliness of his appeal that would constitute a breakdown in the operations of the court and excuse his attempt to appeal over **nine months** after the imposition of his judgment of sentence on June 7, 2023. Although Appellant claimed in his petition that on August 4, 2023, he filed a notice of appeal that was not properly docketed, that notice of appeal was clearly untimely, as it was filed 58 days after his judgment of sentence was imposed. Appellant offered no explanation for the untimeliness of that appeal to demonstrate a breakdown in the operations of the court caused his late filing. "When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Id.** Thus, even if the Clerk of Courts should have docketed Appellant's August 4, 2023 notice of appeal,[4] he

---

collateral relief."). Nevertheless, the PCRA requires that, to be eligible for relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). Here, Appellant was sentenced in June of 2023 to 30 days of house arrest; thus, at the time he filed his March 18, 2024 "Notice of Appeal *Nunc Pro Tunc*," he was not serving a sentence of imprisonment, probation, or parole for his instant offense, and he was therefore ineligible for PCRA relief. Accordingly, Appellant was not prejudiced by the court's failure to treat his petition to appeal *nunc pro tunc* as a PCRA petition.

[4] **See Commonwealth v. Williams**, 106 A.3d 583, 588-89 (Pa. 2014) (holding that the clerk of courts is "obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein").

has failed to demonstrate that that appeal would not have been quashed as untimely.

Moreover, Appellant is incorrect that his untimely appeal from his judgment of sentence in this case would have been rendered timely, had the court consolidated this case with his purportedly timely appeal at 1362 MDA 2023.[5] The timeliness of a notice of appeal is assessed in each individual case, and Appellant cites no legal authority to support his suggestion that consolidation cures an otherwise untimely appeal.

Accordingly, Appellant has failed to demonstrate that the trial court abused its discretion by denying his request to reinstate his right appeal *nunc pro tunc* from his June 7, 2023 judgment of sentence.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2024

---

[5] We offer no opinion on the timeliness or merits of Appellant's appeal at 1362 MDA 2023.