J-S07007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK CAMERON PENTZ | : | |
| | : | |
| Appellant | : | No. 1450 MDA 2024 |

Appeal from the Order Entered July 19, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000213-2024

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:　　　　　**FILED: JUNE 16, 2025**

Appellant Mark Cameron Pentz appeals from the order entered on July 19, 2024,[1] denying his motion to appeal to the Court of Common Pleas *nunc pro tunc* from the April 9, 2024 summary conviction for meeting or overtaking a school bus.[2]  We affirm.

The trial court summarized the facts of this matter as follows:

On February 12, 2024, Officer Stuck issued a traffic citation to [Appellant] for a violation of 75 Pa.C.S. § 3345(a) — failure to

---

[1] Appellant purported to appeal from the September 3, 2024 order denying his motion to reconsider the July 19, 2024 order which denied the motion to appeal *nunc pro tunc* to the Court of Common Pleas.  **See** Notice of Appeal, 9/30/24.  However, an appeal does not lie from an order denying reconsideration.  **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000).  Here, the underlying July 19, 2024 order denying Appellant's motion to appeal *nunc pro tunc* to the Court of Common Pleas was the appealable order.  **See id.**; **see also Commonwealth v. Stock**, 679 A.2d 760, 761 (Pa. 1996).  We have corrected the caption accordingly.

[2] 75 Pa.C.S. § 3345(a).

stop when meeting or overtaking a school bus with flashing red signals. The offense date on the traffic citation was on January 24, 2024. On February 23, 2024, [Appellant] responded to the charges and mailed in a not guilty plea.

On April 9, 2024, a summary trial hearing was held before the Honorable Joseph Spadaccino for a violation of 75 Pa.C.S. § 3345(a). [Appellant] was found guilty of violating 75 Pa.C.S. § 3345(a). [Appellant did not file a timely notice of appeal to the Court of Common Pleas.[3]]

On July 15, 2024, [Appellant], by and through his counsel, filed a motion for allowance of appeal [to the Court of Common Pleas] *nunc pro tunc*. On July 19, 2024, this court denied [Appellant's] motion for allowance of appeal due to its untimeliness.[4]

On July 29, 2024, [Appellant], by and through his counsel, filed a motion for reconsideration of court order. On September 3, 2024, this court denied [Appellant's] motion for reconsideration again citing to the untimeliness of the filing of [Appellant's] motion for allowance of appeal.

Trial Ct. Op., 11/18/24, at 1-2 (unpaginated) (some formatting altered).

On September 30, 2024, Appellant filed a notice of appeal to this Court.[5]

Both the trial court and Appellant complied with Pa.R.A.P. 1925.

---

[3] **See** Pa.R.Crim.P. 460(a) (requiring that a notice of appeal from a summary conviction be filed within thirty days).

[4] Appellant was ultimately sentenced to pay a fine of $250, plus costs. **See** Itemized Account, 7/22/24.

[5] We note that this Court may consider the timeliness of an appeal *sua sponte* because it goes to this Court's jurisdiction to hear the appeal. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). Appellant's September 30, 2024 notice of appeal is facially untimely with respect to the trial court's July 19, 2024 order denying Appellant's motion to appeal *nunc pro tunc*. **See** Pa.R.A.P. 903(a). However, upon review of the record, we note that the trial court's July 19, 2024 order did not provide Appellant notice of his right of appeal to this Court. We consider this to be a
*(Footnote Continued Next Page)*

- 2 -

On appeal, Appellant raises the following issues:

Whether the Court of Common Pleas abused its discretion or committed an error of law when the court denied Appellant's motion [to appeal] *nunc pro tunc*?

Appellant's Brief at 7 (some formatting altered).

In a summary case, where an appellant appeals from a trial court's order denying a motion to appeal *nunc pro tunc*, our standard of review is for an abuse of discretion. **See Stock**, 679 A.2d at 762 (citing **Commonwealth v. Jarema**, 590 A.2d 310 (Pa. Super. 1991)). Generally, an appeal *nunc pro tunc* may be granted only when circumstances "such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations" result in the denial of a criminal defendant's constitutional right to an appeal. **Id.** at 762 (quoting **Jarema**, 590 A.2d at 311). The **Stock** Court noted that this standard has been "somewhat liberalized" to permit an appeal where appellate rights were lost due to "extraordinary circumstances."[6] **Id.** at 763-64.

---

breakdown in the court's process, and we decline to quash Appellant's appeal to this Court as untimely. **See generally Commonwealth v. Larkin**, 235 A.3d 350, 353 n.2, 354 (Pa. Super. 2020) (*en banc*) (declining to quash an appeal where a breakdown occurred in the court system, and the defendant was not informed of his appellate rights); **Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002) (declining to quash an appeal where there was a breakdown in the court process).

[6] Extraordinary circumstances allowing an appeal *nunc pro tunc* to the Court of Common Pleas generally involve situations where the delay in filing an appeal was caused by factors that were beyond the control of the appellant, such as fraud, a breakdown in the court's operations, or non-negligent circumstances. **See Carr v. First Commonwealth Bank**, ____ A.3d ____, *(Footnote Continued Next Page)*

Here, Appellant has neither argued fraud, nor that he requested an appeal to the Court of Common Pleas and counsel failed to timely file it, as in **Stock**. Rather, Appellant argues that he never received notice of the magisterial district court's April 9, 2024 guilty verdict, and that this lack of notice is the reason he could not file a timely appeal for a *de novo* trial in the Court of Common Pleas. **See** Appellant's Brief at 12. Appellant contends that it was not until the Pennsylvania Department of Transportation notified him that his license was suspended that he had notice of the verdict. **See id.** Appellant contends that the trial court abused its discretion in denying his motion to appeal *nunc pro tunc* from the April 9, 2024 verdict, and he contends that there was a breakdown in the court system because he did not receive

_____

___, 2025 PA Super 74, 2025 WL 912542, at *3-*6 (Pa. Super. 2025) (addressing whether the death of the appellants' attorney's stepson constituted extraordinary circumstances justifying *nunc pro tunc* relief and concluding that the trial court erred in granting *nunc pro tunc* relief and permitting an appeal to the Court of Common Pleas, because the attorney's personal tragedy did not constitute extraordinary circumstances and emphasizing that the attorney's professional obligations could not be overlooked, and the delay in filing the appeal was not excused by the personal hardship); **Stock**, 679 A.2d at 764-75 (allowing an appeal *nunc pro tunc* from the district justice to the Court of Common Pleas where the appellant specifically asked counsel to file an appeal, and counsel failed to file it in a timely manner; "it would be entirely unfair in the criminal context to permit [the appellant's] state constitutional right of an appeal to be extinguished solely on the basis of his counsel's failure to timely file the appeal where [the appellant] had requested an appeal to be filed"); **but see Commonwealth v. Smith**, 501 A.2d 273, 275 (Pa. Super. 1985) (holding that "[n]egligence on the part of the appellant does not justify the granting of an appeal *nunc pro tunc*").

- 4 -

notice of the verdict and this is a non-negligent reason for the failure to file a timely summary appeal to the court of common pleas. *See id.* at 12-13.

The Commonwealth argues that there is no merit to Appellant's argument that he did not receive notice of the guilty verdict. *See* Commonwealth's Brief at 12. The Commonwealth asserts that Appellant and his counsel were both present when the magisterial district court entered its guilty verdict. *See id.* Further, the Commonwealth notes that the magisterial district court's docket entries and the certified record support the conclusion that Appellant was present at the April 9, 2024 proceedings when he was found guilty. *See id.* Accordingly, the Commonwealth concludes that Appellant failed to establish a lack of notice, and the trial court did not abuse its discretion in denying Appellant's motion to appeal *nunc pro tunc*. *See id.* at 12-13.

Here, the trial court addressed this issue as follows:

On April 9, 2024, a summary trial hearing was held before the Honorable Joseph Spadaccino and as indicated by the highlighted portion of the attached docket, [Appellant] was present for the hearing. *See*, Magisterial District Judge 19-3-09 Docket, at 2 (attached herein as "Appendix A"). [Appellant] and counsel knew or should have known of the guilty verdict on April 9, 2024, by direct in-person notice. There are no extraordinary circumstances that are alleged.

Trial Ct. Op., 11/18/24, at 4 (unpaginated). Further, "the highlighted portion" of the appendix to the trial court's opinion provides as follows: "Case Disposition - Guilty; Disposition Date - 04/24/2024; **Was Defendant**

**present? – Yes**." Magisterial District Judge Docket Number: MJ–19309–TR–0000302-2024, at 2 (formatting altered and emphasis added).

Upon review of the record, which includes the docket entries and original papers from the magisterial district court that were made part of the certified record in the trial court, we agree with the trial court's conclusion that Appellant and his counsel were present when the guilty verdict was entered. **See id.** Importantly, Appellant does not dispute that he and his counsel were present when the verdict was entered on April 9, 2024. Accordingly, the record supports the trial court's conclusion that Appellant had actual notice of the guilty verdict on April 9, 2024.

Further, the record establishes that the magisterial district court provided Appellant notice of his right to appeal to the Court of Common Pleas. Indeed, the record reflects that the February 12, 2024 traffic citation specifically stated: "If you are found guilty by the Magisterial District Judge, or you plead guilty, and you wish to appeal, you have THIRTY (30) days to file an appeal for a trial in the Court of Common Pleas." **See** Orig. Papers Received from Magisterial District Court - Traffic Citation, 2/12/24, at ¶7. Similarly, the summons states: "If you are found guilty by the magisterial district judge or you plead guilty and wish to appeal, you have thirty (30) days to request a trial *de novo* in the court of common pleas." **See** Orig. Papers Received from Magisterial District Court - Traffic Summons, 2/15/24 (formatting altered). Moreover, Appellant's signature appears on the traffic summons. **See id.**

Pursuant to our standard of review, we agree with the trial court that there were no extraordinary circumstances alleged by Appellant to support his claim of not receiving notice of the guilty verdict when Appellant and his counsel received direct in-person notice at the summary hearing before the magisterial district court.  Further, the trial court was not convinced that the reasons stated in Appellant's motion excused his delay in filing his appeal to the Court of Common Pleas.  On this record, we discern no abuse of discretion by the trial court in denying Appellant's motion to appeal to the Court of Common Pleas *nunc pro tunc*.  **See Stock**, 679 A.2d at 762.  For these reasons, Appellant is not entitled to relief, and we affirm the July 19, 2024 order.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/16/2025